[No. 1,072.]

JOSEPH MENDES, APPELLANT, *v.* MATTHEW KYLE, RESPONDENT.

FRAUDULENT SALE—INSTRUCTION—WHEN MAY BE MISLEADING.—The court gave an instruction correctly stating the various facts and circumstances that might be considered by the jury in determining whether the sale of personal property was fraudulent; but, after the separate statement of each fact, the court repeated the words: "And the jury are at liberty to find that the sale was fraudulent and find for the defendant: *Held,* that by this repetition the jury may have been misled into the belief that if any of the facts mentioned as tending to prove fraud existed, they would be justified in finding a verdict for defendant independently of the other facts of the case, and that such a construction would be prejudicial to the defendant.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are sufficiently stated in the opinion.

*C. J. Lansing* and *Bishop & Sabin,* for Appellant.

*Thomas Wren* and *Crittenden Thornton,* for Respondent.

By the Court, BELKNAP, J.:

This is an action for the recovery of personal property. The respondent justified the taking, as sheriff of the county of Eureka, under certain writs of attachment issued in actions brought against one Frietas. The plaintiff claimed to be the owner of the property by purchase from Gerome, who was the vendee of Frietas. Defendant contended that the sale from Frietas to Gerome was fraudulent as against the attaching creditors, and as plaintiff purchased pending the attachment he was not a *bona fide* purchaser without notice. The case turned upon the *bona fides* of the sale from Frietas to Gerome.

Among other instructions the court gave the following:

"The jury are instructed that in arriving at their verdict as to whether the sale from Frietas to Gerome was fraudulent or not, they are to take into consideration all the facts and circumstances surrounding the alleged sale. If the jury shall find from the testimony that the price alleged to have been paid for the property was much less than it was worth, that is a fact tending to prove that the sale was fraudulent as to the creditors of Frietas, and the jury are at liberty to find that the sale was fraudulent, and find for the defendant.

"If the jury shall find from the testimony that there was no immediate delivery of the property after the alleged sale, that is a fact tending to prove that the sale was fraudulent as to the creditors of Frietas, and the jury are at liberty to find that the sale was fraudulent and find for defendant.

"If the jury shall find from the testimony that Frietas, after the alleged sale, continued to use the property as he had used it before, that is a fact tending to prove that the sale was fraudulent as to the creditors of Frietas, and the jury are at liberty to find that the sale was fraudulent, and find for the defendant.

"If the jury shall find from the testimony that Gerome, after the alleged sale, concealed the fact until Frietas' failure, that is a fact tending to prove that the alleged sale was fraudulent as to Frietas' creditors, and the jury are at lib-

erty to find that the sale was fraudulent, and find for the defendant."

The instruction is correct in stating that inadequacy of consideration, concealment of the sale, and the vendor's applying the property to the same use after as before the sale, were facts tending to prove fraud. The instruction was also correct in directing the jury to take into consideration all of the facts and circumstances of the sale, in determining whether it was fraudulent. But the repetition of the words, "and the jury are at liberty to find that the sale was fraudulent, and find for the defendant," following the separate statement of each fact tending to prove fraud, may have misled the jury. From it they may have understood that if any of the facts mentioned as tending to prove fraud existed, they would be justified in finding a verdict for the defendant, independently of the other facts of the case. The constant repetition of the words last quoted was calculated to make this impression. The proper construction of the charge is, that if any one of the badges of fraud mentioned be established, such fact, in connection with other circumstances of a fraudulent intent on the part of the vendor, is sufficient evidence to support a finding of fraud. But it may have received the other construction, and thereby prejudiced the rights of appellant.

We find no other error in the record.

Judgment reversed.