[No. 20202.  In Bank. — July 30, 1886.]

EX PARTE THOMAS P. WINTER, ON HABEAS CORPUS.

ACTION FOR SUPPORT AND MAINTENANCE — COUNSEL FEES FOR PROSECUTION OF APPEAL — TRIAL COURT MAY ORDER. — In an action by a wife against a husband for permanent support and maintenance, after an appeal has been taken by the defendant from an order made *pendente lite*, directing him to pay counsel fees to the plaintiff, the trial court has power, within the bounds of a proper discretion, to order him to pay further couns. fees to enable her to prosecute the appeal.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion.

*George D. Collins*, and *Eugene N. Deuprey*, for Petitioner.

*Tyler & Tyler*, contra.

FOOTE, C. — A wife brought an action against her husband for permanent support and maintenance. The court *pendente lite*, upon application by the plaintiff, made an order for the defendant to pay counsel for her use $250 as counsel fees, — it appearing that he was amply able to do so, and she having no means otherwise to prosecute her action.

From that order the defendant appealed, and that appeal is still pending in this court.

Afterwards, the court below, on motion duly made, ordered the defendant to pay the further sum of $250 counsel fees to the plaintiff's counsel for her use, in order that she might prosecute her action then upon appeal as aforesaid.

The defendant failing and refusing to obey that order of the court, or to appeal therefrom, he was ordered to show cause why he should not be committed for contempt in disobeying such order.

Upon the hearing in the matter, it appeared that the plaintiff had no money or property, and that the defendant had community property and funds in his hands amounting to several thousand dollars, and that it was necessary that the plaintiff should be furnished with money to enable her to answer the appeal from the first order commanding the payment of counsel fees by the defendant as aforesaid, and that the sum of $250 was a reasonable amount for that purpose, and that the defendant was amply able to pay the same. Whereupon the court ordered the defendant to pay to plaintiff's counsel for her use the sum of $250 within one day of the date of the service upon him of a copy of said order.

The order last mentioned was not complied with, or any appeal taken therefrom.

The motion for contempt against the defendant then

came on to be heard, and the defendant appeared by his counsel; it was then shown that a copy of the order of date March 3d had been duly served upon the defendant upon that day, and demand made upon him for the payment of the sum of money mentioned therein; that the defendant was able to pay the same, but refused to do so, showing no cause for such refusal, his counsel contending that the trial court had no power or authority to make or to enforce its order in the premises.

An order was then made, of date the eleventh day of March, 1886, adjudging the defendant guilty of contempt for his disobedience of said order of March 3, 1886, and ordering him to pay a fine of five dollars; and it further appearing that said defendant was still able to pay the sum of money mentioned in said order of March 3, 1886, he was ordered to be taken into the custody of the sheriff of the city and county of San Francisco, and to be imprisoned in the county jail thereof until he complied with the order of the court in the premises.

On the twenty-second day of April, 1886, the defendant applied for and obtained from the chief justice of this court a writ of *habeas corpus* directed to Peter Hopkins, the sheriff aforesaid, and the defendant was admitted to bail pending the determination of his application to be discharged from custody.

To us it appears that the learned judge below was by law vested with the power, within the bounds of a proper discretion, to make the order for the payment by the defendant of the sum of $250 counsel fees to enable his wife, who was without any means or property, otherwise than as obtained from him, to prosecute her action then on appeal.

No abuse of that discretion is shown by the record. The defendant has all the community property in his possession, and seeks to retain it in defiance of a legal order of the court to furnish therefrom his destitute consort with the means to pay counsel to represent her in

this court. Under the decision in the case of *Reilly* v. *Reilly*, 60 Cal. 625, 626, we are of opinion that the court below could make the order which was disobeyed, and it should be upheld.

The petition should be dismissed, and the defendant remanded to the custody of the sheriff.

Belcher, C. C., and Searls, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the petition is dismissed, and defendant remanded to the custody of the sheriff.

Ross, J. (dissenting).—I think the power to allow a wife counsel fees in the appellate court in proper cases is vested in the appellate court as an incident to the proper exercise of its jurisdiction, and that it does not come within the jurisdiction of the court from which the appeal is taken to make such allowance. It is provided by section 946 of the Code of Civil Procedure: "Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, and releases from levy property which has been levied upon under execution issued upon such judgment; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from." But, as was said in respect to a similar statute by the Supreme Court of Nevada in *Lake* v. *Lake*, 17 Nev. 243, I do not think the grant of power to proceed "upon any other matter included in the action, and not affected by the judgment or order appealed from," authorizes the court below to do what it cannot do if no appeal is taken. See also *Stafford* v. *Stafford*, 53 Mich. 522; *Lake* v. *Lake*, 16 Nev. 369.

For these reasons, I think the petitioner illegally restrained, and that he should be discharged.

Rehearing denied.