[Sac. No. 1886.   Department One.—May 27, 1911.]

ALICE BRUCE, Respondent, v. H. S. BRUCE, Appellant.

DIVORCE—ALIMONY PENDING APPEAL—COURT MAY GRANT AFTER JUDG-
MENT.—Under section 137 of the Civil Code, the power of the trial
court in an action for a divorce to make an allowance to the wife
for her support or to enable her to defend or prosecute the action
is not exhausted upon the rendition of the judgment in the trial
court, but continues during the pendency of an appeal.

ID.—ALIMONY MAY BE GRANTED WHILE ACTION IS PENDING.—Under that
section, so long as the action is pending, the trial court may require
the husband to pay alimony to the wife for her support, or to prose-
cute or defend the action; and under section 1049 of the Code of
Civil Procedure, the action is pending until its final determination
on appeal, or until the time for appeal has passed, unless the judg-
ment is sooner satisfied.

APPEAL from an order of the Superior Court of Kings County, made after an interlocutory judgment in an action for a divorce, awarding alimony to the wife.   John G. Covert, Judge.

The facts are stated in the opinion of the court.

H. P. Brown, and Lamberson & Lamberson, for Appellant.

Dixon L. Phillips, and M. L. Short, for Respondent.

SLOSS, J.—The plaintiff commenced this action to obtain a divorce on the ground of extreme cruelty.   The defendant having answered, the cause was tried, and the court made its interlocutory decree which, after reciting that findings had

been waived, adjudged that plaintiff was entitled to a divorce. The decree further adjudged that the plaintiff be awarded permanent alimony in the sum of $4,500, and that to secure this sum, she have a lien on the homestead of the parties, said homestead being assigned to the defendant.

This interlocutory decree was rendered on April 20, 1910. The plaintiff was dissatisfied with the amount of alimony awarded, and with the disposition of the homestead. Asserting her intention to appeal from the portions of the decree dealing with these matters, she applied to the court, upon notice duly given, for an order directing the defendant to pay her a reasonable sum for attorney's fees and expenses of her appeal, and for her support pending said appeal. The motion came on for hearing on May 23, 1910. It was supported by affidavits and by oral testimony. The defendant opposed the making of an order requiring him to pay the plaintiff any money, except upon condition that it be allowed as a credit upon the $4,500 awarded as alimony. The court made its order directing the defendant to pay to plaintiff, as alimony, pending determination of the appeal, or until the further order of the court, the sum of twenty-five dollars monthly. It further ordered the payment of the expense, not exceeding sums named, of printing a transcript and a brief on appeal, and the payment of $125 for fees of plaintiff's attorney on appeal.

The present appeal is taken by the defendant from this order.

The defendant's sole contention is that the court was without jurisdiction to make the order complained of. It is argued that after the entry of judgment in an action for divorce, the court's power with respect to alimony is limited to modifying or changing the order already made and that the order under review did not purport to modify or change the original judgment.

The claim is absolutely without merit. It is based upon section 139 of the Civil Code, which has no application to orders for payments during the pendency of the action. Section 137 provides in express terms that "when an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute

or defend the action." An action is pending ·"from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (Code·Civ. Proc., sec. 1049.) Following these provisions, this court has repeatedly held that the power to make an allowance to the wife for her support or to enable her to defend or prosecute the action is not exhausted upon the rendition of the judgment in the trial court, but continues during the pendency of an appeal. (*Reilly* v. *Reilly*, 60 Cal. 624; *Ex parte Winter*, 70 Cal. 291, [11 Pac. 630]; *Larkin* v. *Larkin*, 71 Cal. 330, [12 Pac. 227]; *Bohnert* v. *Bohnert*, 91 Cal. 426, [27 Pac. 732]; *Grannis* v. *Superior Court*, 143 Cal. 630, [77 Pac. 647]; *Gay* v. *Gay*, 146 Cal. 237, [79 Pac. 885].)

*Howell* v. *Howell*, 104 Cal. 45, [43 Am. St. Rep. 70, 37 Pac. 770], and similar cases cited by the appellant are not in point. They deal with the power of the trial court, after a final judgment which makes no provision for the support of the wife or children, to require such support by subsequent orders. The orders involved did not purport to cover the period of an appeal, and had no reference to the pendency of the action. The question in each of these cases was whether the order was authorized by the terms of section 138 or section 139 of the Civil Code. The extent of the court's power under section 137 was not presented or considered.

The order appealed from is affirmed.

Shaw, J., and Angellotti, J., concurred.