[Civ. No. 4816. First Appellate District, Division Two.—July 11, 1924.]

## ALBERT D. AYRES et al., Appellants, v. BENJAMIN LIPSCHUTZ, Respondent.

[1] APPEAL—JUDGMENT—GROUND ASSIGNED FOR—WHEN IMMATERIAL. The ground assigned by a trial court for its judgment is not material if the judgment is correct for any other reason.

[2] ATTORNEY AND CLIENT—CONTESTED DIVORCE ACTION—DISMISSAL OF —ACTION TO RECOVER AGREED FEE—SERVICES—QUANTUM MERUIT— PLEADING — JUDGMENT. — In an action upon an express contract providing for the payment by a husband to his attorneys of a stipulated fee if successful in a contested divorce action and for a lower stipulated amount if unsuccessful, where the complaint alleged in effect that after the making of such contract the attorneys were prevented from performing further services because the husband had procured the action to be dismissed and asked judgment for the greater agreed fee, but did not plead the value of the services rendered by the attorneys, nor ask judgment for the reasonable value of the services rendered before their discharge and the trial court did not find upon the reasonable value of such services, the judgment of the trial court denying recovery of the contract price was justified.

---

1. See 2 Cal. Jur. 808; 2 R. C. L. 189.
2. See 3 Cal. Jur. 706, 708; 2 R. C. L. 1048, 1057.

[3] ID.—DISCHARGE OF ATTORNEYS — RIGHT OF CLIENT — SERVICES— QUANTUM MERUIT.—The husband had the power to discharge his attorneys at any time, but if in doing so he breached his contract he would have been liable on a count in *quantum meruit* for the reasonable value of the services rendered by his attorneys down to the date of their discharge.

[4] ID.—ORAL CONTRACT—QUANTUM MERUIT—JUDGMENT.—In an action by attorneys to recover under an oral contract the balance of a fee agreed to be paid by a husband in the event the attorneys secured for him a divorce from his wife by default, which action was brought after the husband had dismissed the divorce action following his wife's appearance therein, a judgment in favor of the attorneys for the balance of the fee due under the oral contract was proper, where the oral contract was some evidence that the amount representing the agreed fee was the reasonable value of services rendered by the attorneys without a contest and up to the time of their discharge.

[5] CONTRACTS — CONTESTED DIVORCE ACTION—FEE DEPENDENT UPON SUCCESS — PUBLIC POLICY—INVALIDITY OF CONTRACT.—A contract providing for the payment by a husband to his attorneys of a stipulated fee if successful in a contested divorce action and for a lower stipulated amount if unsuccessful is against public policy and void.   (Opinion of supreme court on denial of hearing.)

---

(1) 4  C.  J., p. 663, sec. 2557.   (2) 6  C.  J., p. 745, sec. 321. (3) 6  C.  J., p. 673, sec. 185, p. 725, sec. 293, p. 745, sec. 321. (4) 6  C.  J., p. 760, sec. 353.   (5) 13  C.  J., p. 464, sec. 406.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gillogley, Crofton & Payne and Irvin W. Ayres for Appellants.

Lucius L. Solomons and Fred C. Peterson for Respondent.

NOURSE, J.—Plaintiffs, who were attorneys at law, with offices in the city of Reno, Nevada, entered into an oral

---

3.  Right to discharge attorney, notes, 19 **Ann. Cas.** 592; 38 **L. R. A. (N. S.)** 389.  See, also, 3 **Cal. Jur.** 628; 3 **R. C. L.** 957.
4.  See 3 **Cal. Jur.** 710; 2 **R. C. L.** 1059.
5.  See 3 **Cal. Jur.** 693; 9 **Cal. Jur.** 632, 638; 2 **R. C. L.** 1062; 9 **R. C. L.** 254.

contract with the defendant, wherein the defendant agreed to pay the plaintiffs $300 and costs for legal services to be performed by them provided they were able to secure for him a divorce from his wife by default. Two hundred dollars of this agreed price was paid and plaintiffs commenced the divorce action. While still acting as attorneys for the defendant the plaintiffs prepared and entered into a written contract with the defendant fixing their fees in the event of a contest. This contract called for the payment of $2,500 for their services if they succeeded in procuring a divorce and for $2,000 if unsuccessful. The wife filed a demurrer to the divorce complaint, which was promptly overruled, and immediately thereafter filed her answer, and then the defendant herein dismissed his action. Plaintiffs thereupon sued to recover the sum of $2,500 upon the written contract, $100 upon the oral contract and for costs expended by them.

The complaint was in the usual form upon an express contract—merely alleging the execution of the contracts, plaintiffs' part performance and willingness to perform, and defendant's prevention of complete performance by dismissing the action. The answer alleged that the written contract was composed and drafted by plaintiffs while they were acting as attorneys for the defendant and that he relied upon the confidential relation existing between them and did not have any independent legal or other advice.

The trial court found that the defendant agreed to pay the plaintiffs under the oral contract $300 for their legal services and to reimburse them for the costs which they expended. It also found that the written contract calling for a larger fee was against public policy and void. Upon these findings judgment was rendered in favor of plaintiffs for $101.65, representing the balance of the fee due under the oral contract and the amount of costs outlayed by plaintiffs. The appeal is from the judgment upon the judgment-roll and upon a bill of exceptions.

In support of the judgment respondent relies wholly upon the finding of the trial court that the written contract was against public policy and void. No authorities are cited in support of this position, the respondent being content to rest upon the simple statement that "it is hardly necessary to say that considerations of public policy, founded upon the sanctity of the home and the marital state, differentiate

a divorce case from the rule and reasoning relied upon by appellants.'' They do refer to 3 Cal. Jur., pp. 691–693, and quote the following: ''Contracts for contingent fees for attorneys were not tolerated at all at common law, but are unquestionably valid in California. This is on the ground that otherwise a party without the means to employ an attorney to pay his fees certain, and having a meritorious cause of action or defense, would find himself powerless to protect his rights.'' They also cite in support of the quoted text *Newman* v. *Freitas,* 129 Cal. 283 [50 L. R. A. 548, 61 Pac. 907], *Parsons* v. *Segno,* 187 Cal. 260 [201 Pac. 580], and several other cases which are so plainly inapplicable to the point under discussion that further consideration of them is unnecessary.

Both the Newman and Parsons cases involved contracts executed between an attorney who appeared in a divorce action in behalf of the wife. In both cases the contract between the attorney and his client called for a payment to the attorney out of the alimony or property which the wife might secure from her husband by order of court or a judgment in the divorce action. In the Newman case the supreme court held (129 Cal. 292 [50 L. R. A. 548, 61 Pac. 910]) that the contract was void as against public policy because the attorney ''was directly and greatly interested, not only in preventing any reconciliation, but in bringing about a divorce.'' In the Parsons case it was conceded that a similar contract between an attorney and his client was void upon the authority of the Newman case.

The contract in the instant case was between the attorneys and the husband. It called for the payment of $2,500 in the event that the attorneys should be successful in procuring a divorce for their client and for the payment of $2,000 if they should be unsuccessful. It was not, like those in the cited cases, a champertous contract, in which the attorneys would participate directly in the funds of the litigation. We have not been cited to any authority which denounces a contract for legal fees of this character, and, without having the point more fully briefed or argued, we are not prepared to agree with the conclusion of the trial court that the contract under consideration is against public policy and void.

[1] However, the ground assigned by the trial court is not material if the judgment is correct for any other reason. [2] We are satisfied that such is the situation here and that the judgment must be affirmed. The appellants alleged that they were employed as the attorneys of the respondent to maintain an action for divorce; that their fee was agreed upon if they obtained a judgment by default; that thereafter the defendant in the divorce case appeared and interposed a demurrer; that about that time appellants and their client agreed upon a contingent fee dependent upon success in the contested litigation; that after the demurrer had been presented the respondent employed other attorneys to dismiss the divorce case and thereby prevented appellants from performing further services; and appellants thereupon asked judgment for the contract price. The appellants did not plead the value of the services rendered by them, nor ask judgment for the reasonable value of the services rendered before their discharge. [3] The respondent had the power to discharge appellants at any time (Civ. Code, sec. 2356). However, if in doing so he breached his contract he would have been liable on a count in *quantum meruit* for the reasonable value of the services rendered by his attorneys down to the date of their discharge. (*McConnell* v. *Corona,* 149 Cal. 64, 65 [8 L. R. A. (N. S.) 1171, 85 Pac. 929].) That was not an action between attorney and client, nevertheless the rule is the same. (6 C. J., 745, sec. 321; *Louque* v. *Dejan,* 129 La. 519 [38 L. R. A. (N. S.) 389, 56 South. 427].)

It is true that some testimony was offered that $2,000 was the reasonable value of the legal services performed by appellants prior to their discharge. But this was not in response to any issue before the court and the court did not find thereon. [4] The oral contract was some evidence that $300 was the reasonable value of such services without a contest and the trial court could accept this evidence. The judgment based upon the oral contract is thus free from legal objection.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellants for a rehearing of this cause was denied by the district court of appeal on August 8, 1924,

and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 8, 1924, and the following opinion then rendered thereon:

THE COURT.—[5]   We are of the opinion that the contract herein comes within the rule announced and applied in *Newman* v. *Freitas,* 129 Cal. 283 [50 L. R. A. 548, 61 Pac. 907], and referred to in *Parsons* v. *Segno,* 187 Cal. 260 [201 Pac. 580], for the reason that under it the attorneys were directly and financially interested in preventing a reconciliation and in bringing about a divorce. The contingent provisions of the contract appear to have been a portion of the inducement which led to its execution and therefore cannot be deemed a severable portion thereof. The contract being void as against public policy afforded no basis for a recovery which could have been had only upon a *quantum meruit* and we agree with the conclusion of the district court of appeal that, in the absence of any allegation or finding as to the reasonable value of the services rendered, the judgment of the trial court was correct.

The petition for a transfer and hearing by this court is denied.