(Nos. 5541, 5599, 5599a. April 9, 1931.)

KATHRYN D. LARGILLIERE, Appellant, v. EDGAR W. LARGILLIERE, Respondent.

[298 Pac. 362.]

Merrill & Merrill, for Respondent.

Peterson, Baum & Clark, for Appellant.

LEE, C. J.—There are three separate appeals involved here. Plaintiff and main appellant, Kathryn D. Largilliere, sued her husband, Edgar W. Largilliere, defendant and respondent, for divorce upon the ground of extreme cruelty.

She charged that in the presence of third persons, one of them a minor child of the parties, respondent accused her of infidelity and left home never to return, thereafter publishing notice that he would not be responsible for debts incurred by her and causing her checks drawn upon community funds to be regularly dishonored.

Respondent answered, denying that he had charged appellant with infidelity, but admitting that he had published the notice aforesaid, stopped certain of appellant's credit and ordered her checks drawn upon Largilliere's Company, bankers, to be dishonored. The latter steps, he alleged, were imperatively necessary to protect the bank and his own name and business, inasmuch as appellant was continually engaging in stock exchange and mining ventures with divers people, traveling with them hither and yon, and sojourning long periods away from home, to the neglect of herself and the children, all of which was against his will and without his consent. And he cross-complained, setting up not only the matter just detailed but a series of indiscretions and intimacies with other men the which he claimed injured the reputation of the bank, caused him humiliation and grievous mental suffering, wrecked his happiness and his home, and established the unfitness of appellant as wife and mother. In his answer, he averred that appellant at all times had been furnished by him with abundant moneys and had an account of her own in a separate bank. Appellant denied the material allegations of the cross-complaint.

After a lengthy and involved hearing on the merits, the court found against the wife and in favor of the husband; and judgment was entered, awarding him absolute divorce, the custody of the children and providing that he should pay appellant the sum of $60 per month for a period of sixteen years; it was provided that such payments should never be subjected to assignment or transfer or to sale under execution and should lapse and abate, in case appellant should die before the expiration of the period aforesaid. From this judgment, the wife appealed. Thereafter, on January 23, 1930, the wife having changed counsel, procured from the

court an order directing the husband to pay her for the prosecution of her appeal certain moneys for attorney's fees, transcript fees, clerk's fees and the printing of her brief. From this order, respondent forthwith appealed. Again the wife importuned the court; and, on March 31, 1930, the court entered its order requiring the husband to pay her costs and attorney fees for the purpose of opposing the appeal last mentioned. From that second order the husband appealed.

The record in the main case, consisting of 2,581 folios of tediously involved and conflicting matter is too voluminous to analyze here. Appellant submits 164 specifications of error. Suffice it to say that the evidence legitimately adduced abundantly supports the court's findings on the matter of divorce. As to the division of the community property, there might be some question, not as to the amount awarded, for that rested upon sufficient facts, but as to the manner of award.

Ordinarily, the court, if possible, should by decree so dispose of the community as to give each spouse sole and immediate control of his or her determined share. That such was not done in this instance took no advantage of appellant. She had solicited the court to do just what it did do, praying that she be "allowed and granted her share of such community property either in one lump sum, or in a division of the community property, or in monthly or other periodic instalments, or in part by division of the property and in part by monthly or other periodic instalments, or in part in a lump sum of cash as to the Court shall seem meet and equitable in the premises." We are, however, of the opinion that such award, to be effective, should in some manner be reasonably secured. (*Mathers v. Mathers*, 42 Ida. 821, 248 Pac. 468.) The case will, therefore, be remanded with instruction to the trial court to enlarge its decree by including therein such a security as it may deem proper.

We come now to the two appeals of the husband. His objections to the first order are that there was no show-

ing indicating reasonable cause to believe that the wife would be successful in her appeal to this court and that the order was void because it directed payments to be made to persons other than the applicant. A sufficient answer to the first objection is that the case has just been remanded. As to the second, it appears that the court ordered: ''That the plaintiff and cross-defendant herein be allowed, as costs, to enable her to prepare and present to the Supreme Court of the State of Idaho her appeal herein, the fees due, etc.'' Each cost, then, was enumerated in detail; and the court directed the husband to pay the respective sums straight across to the persons entitled to them: it preferred to see the wife's costs paid direct instead of entrusting their payments to her. We think this no ground for complaint.

Finally, it is insisted in the third appeal that the court was without right to require the husband to pay counsel fees on an appeal from an order allowing counsel fees. C. S., sec. 4642, provides:

''While an action for divorce is pending, the Court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action.''

Counsel earnestly contend that the terminology employed relates to the main action, not to something incidental or collateral. We do not deem the order allowing counsel fees to combat the appeal from the first order either incidental or collateral. The first order allowing appellant her costs and fees for the prosecution of her appeal was directly necessitate to the continued maintenance of the original action. Under the statute, the main action, the divorce action, was still pending; and, unless the wife had been furnished the sinews of war, her main action might have ended in disaster. Without such order, would she have been able to secure in the main action the relief this court has awarded her? She was called upon to champion that order to sustain the continuity of the main action. Without further munitions, she could not have engaged and would have had to retire or supinely rest in the face of attack. To obvi-

ate such a situation, is, we think, the evident purpose of the statute.

All three judgments affirmed, save in the one respect hereinbefore indicated.

Budge, Givens, Varian and McNaughton, JJ., concur.