[Civ. No. 8845. Second Appellate District, Division Two.—October 22, 1934.]

E. E. WILEY, Respondent, v. KATHLEEN SILSBEE, Appellant.

David H. Cannon, Thomas G. Nairn and Reed E. Callister for Appellant.

Arthur S. Guerin for Respondent.

WILLIS, J., *pro tem.*—Respondent, an attorney, brought this action against appellant to recover for professional services. He stated three causes of action in his complaint, one on *quantum meruit*, one on stated account, and one on open book account. Judgment was entered in his favor on the first cause on *quantum meruit*, on findings sustaining that cause, but adverse to the other two causes.

At the trial it was established by evidence that on February 24, 1930, appellant in writing retained respondent as her attorney for the purpose of effecting a property settlement with her husband and also obtaining a divorce. No compensation was at that time fixed or agreed upon. On March 12, 1930, a new contract in writing was executed by appellant and respondent wherein appellant agreed to pay respondent, as her attorney, for services rendered in connection with divorce and property settlement with her husband, ten per cent of the amount finally accepted by her as a property settlement. Under his employment, respondent performed numerous services, and appellant does not herein question the justification of the court in finding under the evidence that the reasonable value of services rendered was the amount stated in the judgment.

Appellant does contend, however, that the contract between the parties as above stated being void, *quantum meruit* will not lie, and recovery of the reasonable value of such services may not be had.

That the contract here in question was void as against public policy is certain. (*Newman* v. *Frietas,* 129 Cal. 283 [61 Pac. 907, 50 L. R. A. 548]; *Parsons* v. *Segno,* 187 Cal. 261 [201 Pac. 580]; *Ayres* v. *Lipschutz,* 68 Cal. App. 134 [228 Pac. 720]; *Theisen* v. *Keough,* 115 Cal. App. 353 [1 Pac. (2d) 1015].)

■ It is likewise now established as a proposition of substantive law that in a case of a contract to pay for services which is void as against public policy, there arises an implied contract to pay for services rendered thereunder, and the remedy of action sounding in *quantum meruit* is available to recover the reasonable value thereof. In *Ayres* v. *Lipschutz, supra,* on hearing by the Supreme Court, it was stated: "The contract being void as against public policy afforded no basis for a recovery which could have been had only upon a *quantum meruit.*" In *Theisen* v. *Keough, supra,* plaintiff sued on a contract very similar to the one here involved in one cause of action and joined therewith a second cause on *quantum meruit.* The trial court adjudged the contract void as against public policy and as to the *quantum meruit* cause found that plaintiff had been fully paid. On appeal, the court, after quoting from the case of *Ayres* v. *Lipschutz, supra,* the same paragraph as hereinabove quoted, said: "We, therefore, find the parties with no agreement or contract regulating the compensation to be paid; the attorney proceeding with the cause under the implied contract that he will be compensated in a reasonable amount for services performed."

In concert with the foregoing authorities it has also been held that for benefits received under a void contract, not prohibited by law, the recipient will be held responsible on an implied contract for payment of the reasonable value thereof. (*Higgins* v. *San Diego Water Co.,* 118 Cal. 524 [45 Pac. 824, 50 Pac. 670]; *Brown* v. *Bozeman,* 138 Cal. App. 133 [32 Pac. (2d) 168].)

The judgment is affirmed.

Stephens, P. J., and Desmond, J., concurred.