[Civ. Nos. 13008, 13009. First Dist., Div. One. May 21, 1946.]

TOM KYNE, JR., a Minor, etc., Appellant, v. TOM KYNE, Respondent.

564

Allen Spivock for Appellant.

Melvin M. Belli and Jonathan H. Rowell for Respondent.

PETERS, P. J.—The two appeals here involved grow out of the case of *Kyne* v. *Kyne*, 60 Cal.App.2d 326 [140 P.2d 886]. No. 13008 is from an order made by one department of the Superior Court of San Francisco on January 29, 1945, denying the minor plaintiff costs and attorney fees on the successful prosecution of his appeal in the above-entitled case. No. 13009 is from an order made by another department of the same court on March 19, 1945, denying the minor plaintiff his costs and attorneys' fees on the appeal from the order of January 29, 1945.

In order to understand the issues involved some reference must be made to the background of this litigation. In November, 1935, an action was commenced by John Doe Kyne, an unborn minor, by his guardian *ad litem*, to have it determined that the defendant on these present appeals was the father of the plaintiff, for support, costs and attorneys' fees. Three trials were had. The first trial resulted in a verdict for the defendant. The trial judge granted a new trial on the ground of insufficiency of the evidence. The second trial resulted in a hung jury. The third trial resulted in a verdict for the plaintiff, an award of attorneys' fees of $3,500 for the period November, 1935, to December 16, 1937, and costs. This judgment was affirmed on appeal (*Kyne* v. *Kyne*, 38 Cal. App.2d 122 [100 P.2d 806]). Thereafter some difficulty was incurred in collecting the amounts awarded as attorneys' fees and costs. One phase of this litigation reached the Supreme

Court (*Kyne* v. *Kyne,* 16 Cal.2d 436 [106 P.2d 620] ). Subsequently an order to show cause was secured for the purpose of having defendant adjudicated in contempt for not paying the judgment, and requesting attorneys' fees and costs incurred subsequent to December 16, 1937. The trial court first determined that such attorneys' fees were reasonably worth $3,250, but then reversed itself, holding that because the minor, through his guardian, had signed a court approved contingent contract with his attorneys he had no right to attorneys' fees from defendant. An appeal was taken from this order which resulted in a reversal of the order, this court holding that the contingent contract was invalid, and that the minor child was entitled to attorneys' fees from defendant as part of his right to support. (*Kyne* v. *Kyne,* 60 Cal.App.2d 326 [140 P.2d 886].) On March 13, 1942, shortly after that appeal was taken, the minor child requested $3,500 as a reasonable attorneys' fee to prosecute the appeal in that case in advance of the legal service to be rendered on that appeal. The motion was submitted to await the result of that appeal. The appeal was decided by this court on August 28, 1943, and the decision became final 60 days thereafter. On November 4, 1943, notice of motion to proceed with the determination of the deferred motion was filed. The judge hearing this motion determined that the order to show cause why additional attorneys' fees should not be paid should be heard with the motion to secure attorneys' fees to take the appeal. It was agreed, however, that the two proceedings were separate and distinct, and they were heard as separate proceedings. The motion for attorneys' fees for taking the appeal was heard first. The attorney for the minor child testified as to the work he had performed on this appeal and estimated that the reasonable value of the services, measured by the tests suggested in *Andrade* v. *Newhouse,* 54 Cal.App.2d 339 [128 P.2d 927], was $3,500, and that the uncollected costs were $43.65. No evidence, other than cross-examination of the minor's attorney, was offered by defendant.

The court then proceeded with the hearing of the order to show cause for payment of costs and attorney fees from December 16, 1937, to January, 1945, exclusive of any fees and costs on the appeal culminating in the decision reported in 60 Cal.App.2d 326 [140 P.2d 886], and exclusive of costs and attorney fees incurred in a proceeding culminating in a decision reported as *Kyne* v. *Kyne,* 70 Cal.App.2d 80 [160 P.2d 910].

On January 29, 1945, the trial court made two orders—one on the order to show cause and the other on the motion to secure attorneys' fees for taking the appeal. On the order to show cause it awarded the minor $3,250 attorneys' fees and $353.10 costs for all legal services rendered to the minor from December 16, 1937, to January 29, 1945. In this order the trial court specifically recited that included in the award was no allowance for attorneys' fees for taking the appeal reported in 60 Cal.App.2d 326 [140 P.2d 886], and no allowance for legal services in the proceeding culminating in 70 Cal.App.2d 80 [160 P.2d 910]. No appeal has been taken from this first order made on January 29, 1945, and it has become final.

On the same day (January 29, 1945) the trial court entered a second order denying the motion for costs and attorneys' fees for taking the appeal resulting in the 60 Cal.App.2d 326 [140 P.2d 886] decision. No reasons are assigned in the order for the denial. The minor child promptly appealed from that order, the notice of appeal being dated March 1, 1945. That is the appeal here involved numbered 13008. The minor child then moved for attorneys' fees, in advance, to prosecute the appeal 13008. This motion was assigned to a different department of the court and on March 19, 1945, that department made its order denying the motion. The minor child promptly appealed. That is the proceeding numbered 13009.

It should be noted that in both appeals it is the minor child through his guardian *ad litem* who is the appellant. The person who has been adjudicated to be the father of this child is the respondent. The attorneys for the child are not parties to either appeal. Some reference must also be made to the legal issues involved in *Kyne* v. *Kyne,* 60 Cal.App.2d 326 [140 P.2d 886]. That proceeding was commenced by an order to show cause why the respondent on the present appeals should not be punished for contempt for failure to pay in full the final judgment rendered in *Kyne* v. *Kyne,* 38 Cal.App.2d 122 [100 P.2d 806], and why he should not be ordered to pay additional attorneys' fees incurred since the original judgment. Respondent contended, among other things, that the minor child was not entitled to attorneys' fees or costs because the minor child, through his guardian, had entered into a contingent contract with his attorneys to pay such attorneys 45 per cent of what he might recover. The attorneys renounced the contract and at no time attempted to collect

under it. The trial court determined that the contract was valid, and held that it had no power to grant an award to the minor for attorneys' fees and costs. On appeal this court determined that the contingent contract was invalid, and that the minor child was entitled to an award of attorneys' fees and costs against respondent as part of his legal and statutory right to support.

The sole argument offered by respondent in his four-page brief in support of the orders appealed from is that the appeal resulting in the decision reported in 60 Cal.App.2d 326 [140 P.2d 886] was not taken for the benefit of the child but for the benefit of the attorneys. It is argued that the minor child obtained no benefit from that appeal; that the sole benefit from that appeal was received by the attorneys; that the action in substance was exactly the same as the case in which an attorney, having performed services for an adult client, is forced to sue the client for a fee; that the attorney, while entitled to a fee for the services rendered to the client, is not entitled to a fee for his services rendered to himself in the action to collect his fee. This is the argument that apparently convinced the two trial judges that made the orders challenged by these appeals that the minor child is not entitled to reasonable attorneys' fees and his costs in these proceedings.

The argument of respondent is not sound and the rulings based thereon must be reversed. The argument advanced loses sight entirely of the basic nature of the proceedings here involved. The case is entirely different from the case where a lawyer is forced to sue his client for a fee. The parties to this proceeding are the parent and the child. The attorneys are not parties in fact or in substance. It is the child's right to attorneys' fees, not the attorneys' rights that are involved. The Legislature of this state, acting well within its powers, has determined that an illegitimate child is entitled to support from his father. It has also determined that included within this right to support is the right to a reaosnable attorneys' fee. The thought behind such legislation is that an illegitimate child, because of the circumstances of his birth, is peculiarly in need of legal services and ordinarily unable to pay for the same.

It has already been adjudicated in this very litigation that the right to support includes the right to attorneys' fees. In *Kyne* v. *Kyne,* 60 Cal.App.2d 326, 328 [140 P.2d 886], it is stated: ''It must be taken as settled law in California that, as

stated by this court in *Kyne* v. *Kyne,* 38 Cal.App.2d 122 [100 P.2d 806], at page 132, 'In cases under section 196a of the Civil Code the allowance of attorney's fee is predicated upon the theory that such legal services are part of the child's right to support.' The child is not only entitled to be awarded an amount necessary for his support, but he is also entitled under our decisions to an allowance of attorneys' fees and costs.'' It would be a rather futile piece of legislation that would confer upon the illegitimate child the right to an attorney's fee, but deny to him the means of collecting it.

Moreover, there can be no doubt at all but that the appeal in *Kyne* v. *Kyne,* 60 Cal.App.2d 326 [140 P.2d 886], was of material benefit to the minor child. The trial court had determined that the 45 per cent contingent contract was valid. Respondent argues that the attorneys testified that they had rescinded the contract, and that for this reason, even though valid, the attorneys could never have collected under it. Therefore, so it is urged, whether the contingent contract was valid or invalid the minor could never have been compelled to pay an attorney's fee, and as a result the appeal in question benefited only the attorneys. It is most difficult to follow this somewhat tenuous reasoning. The attorneys rescinded the contingent contract because of their belief, held to be correct on appeal, that it was void. If the appeal had not been taken there would have been a final judgment that it was valid. Whether in that event the attorneys could have collected under the contract on the theory that the rescission was based on a mutual mistake of law need not here be determined. At any rate the minor would have been liable to his attorneys for the reasonable value of their services. (*Wiley* v. *Silsbee,* 1 Cal.App.2d 520 [36 P.2d 854].) This would have materially reduced the $60 a month originally awarded him for his support. It seems obvious, therefore, that under the law the child is entitled to a reasonable attorney's fee and his costs in all actions brought on his behalf whether the particular purpose of the proceedings is to determine parentage, to settle allowances for necessities, or to fix counsel fees. All these are proper elements of the child's right to support granted him by the statute.

There is no material legal difference between the right of a child to an attorney's fee as part of his statutory right of support, and the right of a wife to such a fee granted to her by section 137 of the Civil Code. There are many cases in this

and other states holding that a wife is entitled to an allowance of counsel fees as a matter of right for the taking or defending, in good faith, of an appeal. (*Larkin* v. *Larkin,* 71 Cal.330 [12 P. 227]; *Bohnert* v. *Bohnert,* 91 Cal. 428 [27 P. 732]; *Grannis* v. *Superior Court,* 143 Cal. 630 [77 P. 647]; *Bruce* v. *Bruce,* 160 Cal. 28 [116 P. 66]; *Dunphy* v. *Dunphy,* 161 Cal. 87 [118 P. 445]; *Coleman* v. *Coleman,* 23 Cal.App. 423 [138 P. 362]; see, also, cases collected and commented upon 18 A.L.R. 1494; 17 Am.Jur. § 580, p. 458.) This right to counsel fees for the good faith prosecution or defense of an appeal includes the right to a fee to prosecute or defend an appeal from an order granting or denying a request for counsel fees. Although no cases are cited by either side on this issue, in every case that we have been able to find that has reached the appellate courts it has been held that a wife, who, in good faith, desires to take or defend an appeal in reference to attorney fees, is entitled to such a fee for the taking or defense of such appeal. Thus in *Ex parte Winter,* 70 Cal. 291 [11 P. 630], a wife sued her husband for separate maintenance. The trial court ordered the husband to pay the wife $250 as counsel fees to prosecute that action. The husband appealed from that order. The trial court thereupon ordered the husband to pay the wife an additional fee to defend that appeal. The husband refused to pay, and this proceeding in contempt was instituted. The Supreme Court held that such an allowance was proper and that the husband was guilty of a contempt for failing to pay the award.

A case directly in point is *Largilliere* v. *Largilliere,* 50 Idaho 496 [298 P. 362]. In that case the wife started an action for divorce. The husband cross-complained for similar relief. The trial court granted a divorce to the husband. The wife appealed. That is appeal No. 1. On motion of the wife the trial court granted her an allowance of fees to prosecute that appeal. From that order the husband appealed. That is appeal No. 2. On motion the trial court thereupon granted the wife a further allowance of fees to defend appeal No. 2. The husband appealed from that order. That is appeal No. 3. The Supreme Court of Idaho affirmed the orders involved in appeals 2 and 3, and modified the jugment involved on appeal No. 1. At page 363 the court stated: "Finally, it is insisted in the third appeal that the court was without right to require the husband to pay counsel fees on an appeal from an order allowing counsel fees." This is the exact contention made by re-

spondent on the present appeals. The Idaho court then quotes its statute similar to section 137 of the Civil Code, and then states: ''Counsel earnestly contend that the terminology employed relates to the main action, not to something incidental or collateral . . . unless the wife had been furnished the sinews of war, her main action might have ended in disaster. . . . Without further munitions, she could not have engaged and would have had to retire or supinely rest in the face of the attack.'' (See, also, *Bedke* v. *Bedke,* 56 Idaho 235 [53 P.2d 1175].)

Of course, the right to an attorney's fee for taking an appeal is not absolute. If, upon a proper showing, a trial court should find that a child has taken an unnecessary appeal in bad faith, or for the sole purpose of litigating an unsubstantial issue for the purpose of increasing the amount of fees, then no allowance should be made. But in the present case it cannot be contended that the trial court so found, or, that if it did, that such an implied finding would find any support in the record. The appeal resulting in the opinion found in 60 Cal.App.2d 326 [140 P.2d 886] was obviously taken in good faith, and for a proper purpose. The result of that appeal demonstrates that fact as a matter of law. That appeal, as already pointed out, was necessary, if not in fact indispensable, to protect the rights of the child. This reasoning disposes of all issues involved on both appeals. Of course, in fixing the allowance for the second appeal, the court can and should take into consideration that no legal work, other than perfecting the appeal, was necessary other than was already done on the first appeal. The same briefs have been filed in both appeals.

The dissenting opinion raises a point not suggested or argued by counsel, namely, that although the trial court had the right to allow additional fees, such allowance rests largely in the discretion of the trial court, and its denial of any fees at all cannot be disturbed, there not appearing, according to the dissenting judge, any abuse of discretion.

To these suggestions there are several conclusive answers. The trial court very carefully and very fairly in its orders separated the services rendered on the appeal in 60 Cal.App.2d 326 [140 P.2d 886] from the other services rendered. It allowed a fee for specific services rendered between certain fixed dates, but in that order made it crystal clear that no fees at all were being allowed for taking that appeal. Then in a

separate order it specifically denied any fees at all for taking the appeal. The dissenting opinion suggests that in denying the fees the trial court must have determined that the other allowances heretofore made were sufficient to compensate the attorneys for their services on the appeal in question. This startling suggestion is made in spite of a record that demonstrates that the trial court had no such thought in mind. In its first order, from which no appeal has been taken, the trial judge very carefully stated that an allowance of $3,250 was being made for services rendered from December 16, 1937, to January 29, 1945, but "not including any legal services rendered on the appeal from the order of this Court herein dated February 26, 1942." Then in a second order it specifically denied any fees for services rendered on that appeal. To support the theory of the dissenting opinion it must be argued that included in the allowance of $3,250 was an allowance for services rendered on the appeal, although the trial court expressly stated no such allowance was being made. Of course, in determining the amount of fees to be allowed for taking these two appeals, the trial court may consider the sums of money heretofore allowed and paid as attorneys' fees throughout this litigation, but it cannot substitute those allowances for some reasonable allowance for the taking of the appeals in question.

A reading of the record demonstrates that the trial court at no time thought it was exercising a discretion in denying fees, but honestly believed that no fees were allowable for taking an appeal involving counsel fees. In this it was in error. If it be urged, however, that a discretion was exercised, then we would be forced to hold that the trial court abused its discretion. ■ The discretion possessed by the trial court in the allowance and fixing the amount of fees is not an unlimited, uncontrolled discretion. It is a judicial discretion—a sound discretion that must be governed by reason and law. The appeal was taken in good faith. It was necessary. It was beneficial to the child. Costs were incurred. The child was successful on that appeal. To hold that the services were of no value to the child is to disregard both the facts and the law. The problem here involved is similar to *Cargnani* v. *Cargnani*, 16 Cal.App. 96 [116 P. 306], where the trial court granted a divorce to a husband and denied the wife an allowance to appeal. As does the dissenting justice in the instant case, the husband in that case sought to justify the denial on the theory

that the trial court had acted within its discretion. The appellate court had no difficulty disposing of the contention. At page 102 it stated: ''In opposition to this contention it is claimed that the allowance of costs of appeal is purely discretionary with the court below, and there is no showing that there was any abuse of discretion in this case. (Civ Code, sec. 137; *Gay* v. *Gay*, 146 Cal. 237 [79 P. 885].) The 'discretion,' though, as has been often held, means discretion guided by law and based upon sound judgment and inspired by a desire to promote justice. It must not be arbitrary nor capricious.'' The court then quotes from a United States Supreme Court case, and concludes: ''While the law here, it is true, does not in terms make it mandatory for the court to allow such costs, yet, in view of the reported cases in which the law has been construed and of the uncontradicted averments of defendant's affidavit, we think the discretion of the court should have been exercised in making some allowance to defendant for her costs on appeal.''

The dissenting justice impliedly criticizes the opinion in 60 Cal.App.2d 326, stating that ''the entire record, when read, may indicate'' something that the opinion held was not the fact. Then the dissent refers to the opinion of Mr. Justice Knight who dissented from the order denying a rehearing. The purpose of thus casting doubt on the propriety of that decision is not clear. Certainly, the same argument was not convincing to the Supreme Court, inasmuch as the record shows that but one justice voted for a hearing (60 Cal.App.2d at p. 335). The opinion needs no justification. It stands on its own feet and is the law of the case. Certainly, we are not going to relitigate and have no power to relitigate the merits of that decision on these appeals.

The only other point necessary to discuss is the appellant's contention that under the rule announced in *Kirk* v. *Culley*, 202 Cal. 501 [261 P. 994], and under the power conferred by section 4¾ of article VI of the Constitution and section 956a of the Code of Civil Procedure, this court should fix the reasonable amount of attorneys' fees for both appeals. While this·court has the power to make additional findings or contrary findings to those of a trial court, the power, except in most unusual circumstances, will not be exercised to support a reversal of a judgment but only to support an affirmance. (*Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970]; *Davis* v. *Chipman*, 210 Cal. 609 [293 P. 40]; *Isenberg* v. *Sherman*, 212

Cal. 454 [298 P. 1004, 299 P. 528].) In *Kirk* v. *Culley, supra,* the power was used to affirm rather than to reverse. The wisdom of that rule is well illustrated in this case. In the trial court the attorney testified as to the reasonable value of his services. While respondent offered no direct testimony on the issue, on cross-examination he brought out testimony from which he argued that most of the legal work required on the appeal had already been done for various hearings in the trial court for which the minor child has been compensated. Under the circumstances the value of the services on the appeals is an issue that the trial court is better equipped than this court to handle.

The two orders appealed from are reversed.

KNIGHT, J.—I concur in the conclusions reached in the foregoing opinion, and agree generally with the reasons given in support thereof. I concur also in the law as laid down in the opinion in disposing of the legal points involved in the appeals. After the rendition of the decision in *Kyne* v. *Kyne,* 60 Cal.App.2d 326 [140 P.2d 886], a petition for rehearing was filed which in my judgment called for further consideration of the points made therein; and I so expressed myself in a written dissent to the order denying the rehearing. However, thereafter the same points were included in a petition for hearing before the Supreme Court and the petition was denied. Obviously, such denial operated as an approval of the decision as rendered; and therefore, the law as laid down in that decision became the law of the case which is binding in determining the present appeals.

WARD, J.—I dissent. The trial judge directed defendant to pay, not to the minor, but *to the attorneys* the sum of $3,250 in addition to $3,500 previously paid, in full payment for all legal services rendered in the action from December 16, 1937 to January 29, 1945, but specifically excepted legal services rendered on the appeal from the order of February 26, 1942, and another order which is of no consequence on the present appeal. That was a matter entirely within the discretion of the trial judge if he concluded, as he evidently did, that previous payments of attorneys' fees were ample to cover subsequent applications for fees. On the appeal from the order denying $3,500 as attorneys' fees an appeal was filed (No. 13008) and then a motion for $750 on account of attorneys' fees to prosecute the appeal (No. 13008) was filed. The ap-

peal, No. 13009, is from the order denying $750 to pay costs and fees on the appeal No. 13008.

On March 13, 1942, a motion made in advance of the performance of legal services was presented requesting $3,500 for proceeding with an appeal involving an order for attorneys' fees. The court discovered that the attorneys requesting the fees had a contingent fee contract of 45 per cent with the guardian of the minor child. ''Respondent also contended that plaintiff was not entitled to further fees and expenses because of misconduct and bad faith on the part of his counsel.'' (*Kyne* v. *Kyne,* 60 Cal.App.2d 326, 328 [140 P.2d 886].) The trial court held that the contract was valid and refused to make an order directing defendant to pay further fees. On appeal the major question was attorneys' fees; that is, whether the plaintiff through his guardian should pay these additional attorneys' fees or was it incumbent upon the defendant to pay. It was held that the fee agreement was against public policy and that attorneys' fees under Civil Code section 196a ''are part of the child's right to support.'' This quotation in *Kyne* v. *Kyne,* 60 Cal.App.2d 326, 328 [140 P.2d 886] was adopted from *Kyne* v. *Kyne,* 38 Cal.App.2d 122, 132 [100 P.2d 806]. In the latter case the *appellate* court was discussing the participation of the attorneys in three trials and various motions and incidental proceedings for the benefit of the minor child.

In *Kyne* v. *Kyne,* 60 Cal.App.2d 326 [140 P.2d 886], in addition to the specific reason given by the trial court for the denial of additional attorneys' fees, the entire record, when read, may indicate that the trial court was convinced that the attorneys had been amply compensated. In that case the minor did receive some possible ''support'' in the declaration of the appellate court (p. 329) that ''the contingent fee contract here involved was against public policy and therefore void.'' (See, also, *Hill* v. *Hill,* 23 Cal.2d 82 [142 P.2d 417].) In the Kyne case on motion for rehearing one of the participants in the opinion expressed grave doubt relative to the legal soundness of the opinion. (*Kyne* v. *Kyne,* 60 Cal.App.2d 326, 334-335 [140 P.2d 886].) However, the minor may not be relieved entirely from responsibility. Notwithstanding that a contract may be against public policy ''there arises an implied contract to pay for services rendered thereunder, and the remedy of action sounding in *quantum meruit* is available to recover the reasonable value thereof.'' (*Wiley* v. *Silsbee,* 1 Cal.App.2d 520, 522 [36 P.2d 854].) In brief, the attorneys for the minor

in this action may sue their client or their client's opponent for a reasonable fee.

I do not understand that the attorneys have "renounced the contract," as appears in the majority opinion. It is true that in *Kyne* v. *Kyne* the following statement appears (pp. 331-332) : "In what we have heretofore said we do not wish to be understood as intimating that the contingent fee agreement, even if valid, would preclude the court from making an allowance for attorneys' fees. The attorneys for appellant have never sought to recover any fees under said agreement and have, at all stages of the proceedings since the order of the trial court awarding attorneys' fees following the verdict of the jury establishing respondent as the father of the child, disclaimed any intention so to do and renounced any rights under said contract." However, the attorneys seeking additional fees stated on March 8, 1945 before the superior court that "the child at the present time owes his attorneys a reasonable fee for the services on this appeal."

Likewise, I do not understand that "On the order to show cause it [the court] awarded the minor $3,250 attorneys' fees and $353.10 costs. . . ." The costs were awarded to minor plaintiff but the "fees," according to the order, are to be paid directly to the attorneys. Likewise, I do not understand that "The attorneys [on these appeals] are not parties in fact or in substance."

In *Kyne* v. *Kyne*, 60 Cal.App.2d 326 [140 P.2d 886], the appellate court merely determined that the contingent fee agreement in and of itself did not preclude an allowance for supplemental fees. The order disallowing fees was reversed with the statement (p. 334) : "Upon a new hearing all issues involved may be heard and determined." The trial court finally granted a hearing and ordered fees on certain matters, but denied fees on the matters involved in *Kyne* v. *Kyne*, 60 Cal.App.2d 326 [140 P.2d 886]. If the application for additional fees had been granted, the attorney or attorneys would have received a sum in excess of the monthly stipend paid by the defendant to the minor over a period of approximately ten years. As an appellate justice I am willing to assume, unless there is evidence to the contrary, that the judge presiding in a domestic relation trial court department has the ability and the honesty of purpose prudently to separate all the circumstances that may indicate either a just or an exorbi-

tant claim for additional fees. The action of the trial court in denying fees on this particular item was discretionary. Evidently it took into consideration the sums of money theretofore allowed. It should not be said that it exceeded the bounds of reason in denying the application for $3,500 additional attorneys' fees in view of all the facts of this case. (*Makzoume* v. *Makzoume*, 50 Cal.App.2d 229 [123 P.2d 72].)

The majority opinion states: "If it be urged, however, that a discretion was exercised, then we would be forced to hold that the trial court abused its discretion." It also states: "Under the circumstances the value of the services on the appeals is an issue that the trial court is better equipped than this court to handle."

Whatever may be urged in support of the appeal in *Kyne* v. *Kyne*, 60 Cal.App.2d 326 [140 P.2d 886] upon the theory that the decision therein was of benefit and therefore in "support" of the minor by elimination of the "contingent fee contract," the last appeal, No. 13009, is based entirely upon the right of attorneys to demand a fee in advance upon a claim of fee without special or advantageous interest to the minor. Stripped of its decorative dress, under Civil Code, section 196a and the enforcement power similar to sections 137, 137.5, 138, 139 and 140, it is merely an action for attorneys' fees. The interest of the minor, at least so far as the contingent agreement is concerned, is eliminated. No authority has been suggested for superimposing attorneys' fees on an appeal for fees which in the sound discretion of the court have been denied. If the views in the majority opinion should be approved, law business could generate law business by repeated motions for additional fees to appeal from denial of motions for fees or from the inadequacy of the amount of the order. In the interest of justice as applied to the facts of this case, and in the interest of justice generally, actions which tend to incite litigation for the benefit of attorneys should be discouraged. In my opinion each order appealed from should be affirmed.