[Civ. No. 5450.   Fourth Dist.   June 24, 1957.]

CHARLOTTE JANE ARTHUR, Respondent, v. JUNIOR W. ARTHUR, Appellant.

F. W. Powell for Appellant.

Harold D. Cornell for Respondent.

BARNARD, P. J.—This appeal involves provisions for the custody of and support for the minor children of the parties to the action. These parties went through a marriage ceremony in June, 1945, and lived together until January, 1955, during which period three children were born to them. The plaintiff wife brought this action for divorce, for custody and support of the minor children, and for attorney's fees and costs. The defendant husband answered and filed a cross-complaint for an annulment, alleging that the marriage of the parties was bigamous. At the trial in February, 1956, the plaintiff's motion to strike from her complaint the allegation that the parties were and are husband and wife was granted. It was agreed and documentary evidence was received showing those facts, that the plaintiff was in fact married to one Schaefer at the time of her purported marriage to the defendant, and that the marriage to Schaefer was not dissolved until sometime in 1947. It was then stipulated that the trial was to proceed on the cross-complaint and the answer thereto, on the question of the parties' knowledge of the bigamy, and on the matters of custody and support of the minor children.

The court found that on June 27, 1945, these parties participated in a marriage ceremony; that subsequent thereto these three children were born; that at the time this ceremony was performed the plaintiff and cross-defendant was the legal wife of one Schaefer; that both parties to this action then knew that fact; that after the plaintiff was divorced from said Schaefer she requested the defendant to enter into a valid marriage with her; that he continued to live with her and have children by her, but refused to enter into such a valid marriage; that during the cohabitation of these parties they have become possessed of certain household furnishings and equipment which "are needed for the care and maintenance of the minor children"; that the plaintiff is a fit and proper person to have the care, custody and control of the minor children; that it is necessary for the welfare and best interest of said children that the defendant be denied the right of visitation with said children at this time; that the defendant is an enlisted man in the United States Navy with a rating as first class petty officer; that it is proper that he make a Navy allotment for the support of the three children in the sum of $176 per month; that the plaintiff is without funds or credits to pay the expenses of this hearing; and that by reason of the facts and circumstances the expense of this hearing should properly be assessed to the defendant. In accordance with these findings, and with the conclusions of law, a judgment was entered declaring that the marriage between these parties was null and void from the beginning, and further ordering that the plaintiff have the exclusive care, custody and control of these children; that the defendant be restrained "from visiting with said minor children until further order of this court made upon recommendation of the Probation office of the county of San Diego"; that the defendant shall pay to the plaintiff by United States Navy allotment or otherwise for the care, maintenance and support of the children the sum of $176 per month; that the defendant pay to plaintiff's attorney for attorney's fees and costs incident to this hearing the sum of $200; and that the plaintiff "shall have exclusive use and possession" of the household furnishings and equipment acquired by the parties. The defendant has appealed from all of said judgment except that portion which decrees that the marriage between these parties was and is null and void.

It is first contended that the court abused its discretion, in connection with the custody order, in depriving the defend-

ant of the right of visitation. He concedes that the children were properly placed in the custody of the mother, since he was subject to being transferred from place to place, and presently had no home to which he could take them. It is contended, however, that there was no evidence which would justify the order depriving him of the right of visitation. It appears that there had been an order pendente lite permitting him to visit the children every other Sunday, and that he had thus visited them at times when he was in San Diego. There was a great deal of evidence of friction between the parties in connection with such visitation, and some evidence of its adverse effect upon some of the children. The situation was such that the defendant brought policemen or friends with him whenever he came to see the children or to take the eldest child out. ▮▮ Two months before the trial, pursuant to a stipulation of the parties, the court had ordered that the county probation department make an investigation as to both plaintiff and defendant and make a written report to the court for the purpose of helping the court to ''determine said parties' fitness to have the care, custody and control of the minor children.'' This report was made and it was stipulated that the facts stated therein could be considered by the court in deciding the case. The court, in deciding the case, stated that he had gone over this report very carefully and that ''I am inclined to shape this decree in accordance with the things that are expressed in this report.'' The portion of the evidence which was thus received was not made a part of the record before us, and it must be assumed in support of the judgment that this evidence, together with the other evidence, was sufficient to support the court's conclusion in that regard and the order made. The court necessarily has a wide discretion with regard to such a matter and there is nothing in the record to show an abuse of that discretion. The court did not, as the defendant seems to contend, substitute a decision of the probation department for a decision of the court with respect to when his rights of visitation should be restored. The defendant may apply for a modification of the order in that respect if and when circumstances appear to warrant such a change.

▮▮ It is next contended that the court allowed too much for the support of the three minor children. It is argued that a Navy allotment of $176 per month was theretofore being paid for the support of the mother and the children, the defendant being a first class petty officer; that it was neither

just nor proper to award the plaintiff the same amount for the support of the three children as she had previously been receiving for the support of herself and the three children; that there was no evidence showing the amount needed by the children; and that the proper allotment for three children where there is no wife, under a standard formula used by the Navy, would be $115.30 a month. This court is asked to reduce the amount allowed for support of the children from $176 per month to $115.30 per month. In this connection it is also argued that the court should not have awarded the household furniture and equipment to the wife as her separate property, although it is conceded that it was proper to allow her the use of this property so long as it is needed to care for such children during their minority.

The furniture was of small value and the court did not award it to the wife as her separate property, but merely allowed her to use it in caring for the children. The amount to be allowed for the support of the children was a matter within the sound discretion of the court. (Civ. Code, § 84.) There was evidence that a Navy allotment of $176 had been and was still being paid, and there was no evidence at the trial that this would be reduced, or if so when this would be done. Counsel for the defendant agreed with the court's suggestion that the award for support of the children should be the amount of an allotment made by the Navy. After findings were submitted, but before they were signed, counsel for the defendant sent the court a letter signed by a legal officer of a Navy group at San Diego, addressed to "Whom It May Concern," and stating that a "guide for support" contained in a certain Navy instruction would give $115.30 as support for three minor children. This letter was not sworn to, and was never admitted in evidence. These small children needed someone to care for them, as well as a place to live, food, clothing, etc., and as a practical matter the amount needed would be the same as before. The previous allotment furnished some indication of the amount needed, especially in view of the concession made. The findings in this regard are sufficiently supported by the evidence, and in the event of changed circumstances an application for a modification of these orders may be made.

Finally, it is contended that since this was changed into an annulment action the court was not authorized to allow attorney's fees. In *Arais* v. *Kalensnikoff*, 10 Cal.2d 428 [74 P.2d 1043, 115 A.L.R. 163], a paternity case, it is said:

"Also, as section 196a of the Civil Code requires a father to support his child, the trial court had power to order him to pay attorney's fees in the action brought to enforce that obligation." Section 196a requires the father of an illegitimate child to support it and authorizes the mother to maintain "a civil suit" to enforce that obligation, and further provides that in such an action the court shall have power to enforce performance, the same as under sections 137, 137.5, 138, 139 and 140 of that code. Section 84 of the Civil Code provides that a judgment annulling a marriage does not affect the legitimacy of children born before the judgment, and authorizes the court in an annulment action to make such order for support of the children "as may seem necessary or proper." The present action was brought, among other things, to enforce the obligation for support and at the beginning of the trial the facts justifying an annulment were conceded and the entire contest concerned the custody of and support for the children. It clearly appears that the court was authorized to make an order for the support of the children. ■ As said in *Kyne* v. *Kyne,* 74 Cal.App.2d 563 [169 P.2d 272]: "There is no material legal difference between the right of a child to an attorney's fee as part of his statutory right of support, and the right of a wife to such a fee granted to her by section 137 of the Civil Code." ■ The fact that this wife would not be entitled to attorney's fees for her own benefit, under section 87 of the Civil Code, would not affect the power of the court to allow such fees as a part of the relief authorized by section 84.

No abuse of discretion appears, with respect to the order made, and the judgment is affirmed.

Griffin, J., and Mussell, J., concurred.