[Civ. No. 24740.   Second Dist., Div. Two.   Dec. 21, 1960.]

MASAKO GOTO, Respondent, v. JAMES GOTO, Appellant.

William H. Neblett for Appellant.

Hahn, Ross & Saunders for Respondent.

FOX, P. J.—The trial court made an order on November 13, 1959, requiring defendant to pay plaintiff's counsel $2,000 attorney's fees and $300 court costs in connection with certain proceedings in the reviewing courts concerning the custody of their son Hans. Defendant appealed from this order on November 22, 1959. On December 23, 1959, plaintiff gave notice of motion for an order requiring defendant to pay counsel fees and costs to oppose the appeal from the aforesaid order. A hearing on this motion was held on February 10, 1960. On March 1st the court awarded plaintiff's counsel $500 for attorney's fees. The instant appeal by defendant is from this order.

Plaintiff and defendant were divorced some years ago. They have each since remarried. They are both doctors. Plaintiff is employed by the Army at Fort Ord Hospital, Fort Ord, California. Defendant is engaged in the general practice of his profession in Los Angeles.

While the court may, in a proper case, grant counsel fees to defend an appeal from a prior order granting a motion for such fees and costs (*Kyne* v. *Kyne*, 74 Cal.App.2d 563, 569 [169 P.2d 272]), it is nevertheless incumbent upon the person seeking such fees to establish her need therefor. It is therefore necessary to review the evidence before the court in this proceeding as to plaintiff's financial position.

Internal Revenue Form W-2 for 1959 was submitted to the court showing that the total wages paid to plaintiff that year by the Army, at Fort Ord, was $9,638.70, of which amount $1,741.20 was withheld for federal income tax. Thus plaintiff received from her employment in 1959 approximately $658 per month after taxes. The record does not reveal the

amount of her dividends for 1959, but it does show that she received $1,437.40 in dividends the previous year.

Initially plaintiff testified in this proceeding that her take-home pay after deductions was $319 per month, but she later admitted on cross-examination that her take-home pay for the month of January, 1960, was $377, and that she had already received one dividend this year of $300. She further testified at the time of the hearing (February 10, 1960) that although she had only $22.42 in her checking account, she nevertheless had $4,900 in her savings account. There is no evidence in this record showing plaintiff's financial needs nor the use that she made of her income.

The law does not require a wife to impair the capital of her own separate estate before she is entitled to call upon her husband to provide counsel fees in litigation involving their domestic affairs. (*Westphal* v. *Westphal*, 122 Cal.App. 388, 390 [10 P.2d 122]; *Fallon* v. *Fallon*, 86 Cal.App.2d 872, 875 [195 P.2d 878]; *Cameron* v. *Cameron*, 85 Cal.App.2d 22, 29 [192 P.2d 89].)

From the foregoing résumé of plaintiff's earnings after taxes and her other income and in the absence of any evidence showing her living expenses, it is quite apparent that she was in a financial position to take care of an attorney's fee of $500 without resorting to or impairing the capital of her separate estate. Having failed to establish her need for this financial assistance, it was an abuse of discretion for the trial court to order the defendant to pay said attorney's fees.

The order is reversed.

Ashburn, J., and Herndon, J., concurred.