[Civ. No. 30048.   Second Dist., Div. Three.   Jan. 26, 1966.]

LISA CATALANO, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MICHAEL L. CATALANO, Real Party in Interest.

Robert L. Brock and Edwin S. Saul for Petitioner.

No appearance for Respondent.

Fetterly & Fetterly and Carl T. Fetterly for Real Party in Interest.

FRAMPTON, J. pro tem.*—Petition for mandate to compel a hearing on a motion for attorney's fees, alimony and

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

child support pending an appeal from an interlocutory decree of divorce.

Petitioner is the defendant and cross-complainant in an action for divorce filed against her in the respondent court by her husband, Michael L. Catalano, the real party in interest here. The petition alleges that the husband's complaint contained what purported to be a property settlement agreement executed by the parties disposing of the community property and wherein petitioner had waived her right to ask for attorney's fees and alimony in the event that an action for divorce was filed. Petitioner filed an amended cross-complaint wherein she asked for a divorce, custody of the three minor children, issue of the marriage, for an equitable division of the community property, alimony, child support and reasonable attorney's fees. She also sought to set aside the property settlement agreement upon the ground that it had been obtained by means of fraud practiced upon her by her husband and upon the further ground that she had signed the document while under duress. The divorce action was tried and on June 9, 1965, an interlocutory decree was entered granting the divorce to both plaintiff and defendant therein. The court found against the defendant on her allegations of fraud and duress, found the property settlement to be fair and equitable and approved it. The court awarded the custody of the three minor children to the defendant with visitation rights, subject to certain restrictions, to the plaintiff, and ordered the plaintiff to pay $65 per month for the support of each minor child and, in addition, to pay their reasonable medical and dental bills. The decree denied the petitioner's plea for alimony, attorney's fees and costs, the court holding that she had waived them under the provisions of the property settlement agreement.

Petitioner filed timely notice of appeal from the interlocutory decree, and on August 25, 1965, filed a notice of motion for an order granting alimony, increased child support, and attorney's fees and costs pending the outcome of the appeal, which motion came on for hearing on September 15, 1965. At this time, the petitioner abandoned that portion of her motion relating to increased child support, on the ground that no showing could be made of a change of circumstances since the entry of the interlocutory decree. Because of the amount of time necessary to hear the motion and the congested condition of the court's calendar the hearing was continued over to October 19, 1965. On the latter date the motion

came on for hearing at which time the trial judge denied the motion without a hearing.

"During the pendency of any action . . . for divorce . . . the court may order the husband . . . to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees if such relief is requested in the complaint, cross-complaint or answer; and from time to time and before entry of judgment, the court may augment or modify the original award, if any, for costs and attorney's fees as may be reasonably necessary for the prosecution or defense of the action or any proceeding relating thereto. In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorney's fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, whether or not such relief was requested in the complaint, cross-complaint or answer, and may thereafter augment or modify any award so made." (Civ. Code, § 137.3.) An action is deemed to be pending from the time of its commencement until the time for appeal has passed, unless the judgment is sooner satisfied. (Code Civ. Proc., § 1049.)

It has been held that temporary alimony, child support, and suit money may be awarded the wife in an independent action in equity brought by her to set aside parts of an interlocutory decree of divorce granted to the husband and which incorporated a property settlement dividing their property and providing for child support and monthly payments in lieu of alimony. (*See* v. *Superior Court,* 55 Cal.2d 279 [10 Cal.Rptr. 634, 359 P.2d 32].) It has also been held that the wife may be entitled to suit money in the prosecution of a motion under the provisions of section 473 of the Code of Civil Procedure to set aside a judgment of divorce. (*Grannis* v. *Superior Court,* 143 Cal. 630 [77 P. 647]; *Nelson* v. *Nelson,* 7 Cal.2d 449 [60 P.2d 982].) ██ The trial court does not lose jurisdiction, after the rendition of the interlocutory decree, to enter an order, upon a proper showing, requiring the husband to pay any money necessary to enable the wife to prosecute her action on appeal from such decree. The power to make an allowance to the wife for her support or to enable her to defend or prosecute the action is not exhausted upon the rendition of the judgment in the trial court, but continues during the pendency of the appeal. (*Bruce* v. *Bruce,* 160 Cal. 28, 30 [116 P. 66]; *Kyne* v. *Kyne,* 74 Cal.App.2d 563, 568-569 [169 P.2d 272]; *Heilman* v. *Heilman,* 122 Cal.App.2d 771, 776-777 [266 P.2d 148].)

■ Here, the wife, by having filed a timely notice of appeal from the interlocutory decree, has instituted a direct attack upon a judgment which sustained the validity of a property settlement agreement wherein she had waived alimony and suit money and which she had sought to set aside as having been obtained through fraud and duress. The action, though on appeal, is still pending. Under these circumstances, the wife is entitled to be heard on her motion for alimony and suit money pending the outcome of the appeal, and the trial court acted in excess of its jurisdiction in denying her motion without a hearing.

Let the peremptory writ of mandate issue.

Ford, J., and Kaus, J., concurred.