**Margaret ORWICK, Plaintiff and Petitioner,**

v.

**Glenn ORWICK, Defendant and Respondent.**

**Civ. No. 8418.**

Supreme Court of North Dakota.

June 21, 1967.

Conmy, Conmy & Feste, Fargo, for plaintiff and petitioner.

Duffy & Haugland, Devils Lake, for defendant and respondent.

STRUTZ, Judge.

The plaintiff has made a motion in this court for temporary support and alimony to be awarded to her pending her husband's appeal, as well as for attorney fees for preparation of a brief and for appearance in this court. Counsel for the plaintiff states that it is undisputed that the Supreme Court has jurisdiction to hear such motion, but that the jurisdiction of the district court to hear and pass on the motion is disputed by the defendant. In order to have the matter determined as rapidly as possible, the plaintiff has filed her motion in this court.

■ Generally, when an appeal is taken, the jurisdiction of the Supreme Court at-taches and the trial court has no further jurisdiction in the matter. Hermes v. Markham, 78 N.D. 268, 49 N.W.2d 238.

This general rule, however, has been held in many jurisdictions not to apply to motions for temporary support, alimony, attorney fees, and costs on appeal.

■ There can be no question about the power of this court to hear the plaintiff's motion for such temporary support, alimony, and attorney fees after the filing of the defendant's notice of appeal. Bryant v. Bryant (N.D.), 102 N.W.2d 800. In the *Bryant* case, we held that this court and the lower court, from which the appeal in a divorce action is taken, have concurrent, original jurisdiction, after appeal, to award attorney fees and expenses for prosecuting the appeal. We recently followed this holding in the case of Zundel v. Zundel (N.D.), 146 N.W.2d 903.

North Dakota is not the only jurisdiction which has adopted this view in divorce proceedings. California has held that the power of the lower court to make an allowance to the wife for support, to enable her to defend or to prosecute an appeal in a divorce action, continues during the pendency of the appeal. Catalano v. Superior Court for County of Los Angeles, 239 Cal. App.2d 641, 49 Cal.Rptr. 57.

Georgia has held that where an appeal from a judgment in a divorce action is filed, the trial judge does not lose jurisdiction to consider the question of allowance of temporary alimony or moneys which may be needed by the wife to enable her to litigate questions raised by the husband on such appeal. Swindle v. Swindle, 221 Ga. 760, 147 S.E.2d 307.

Illinois, too, has held that the trial court in which a decree of divorce is rendered may grant and enforce payment of money needed for defense of the appeal during the pendency thereof. Kaput v. Kaput, 66 Ill. App. 270, 214 N.E.2d 319. In *Kaput,* the Illinois court held that the trial court was not precluded from granting fees necessary

for the defense against the appeal of the husband, pending appeal, on the theory that the filing of the appeal placed jurisdiction in the appellate court.

Arizona has held that the allowance of attorney fees on appeal by the husband from a judgment of divorce was a matter in aid of the appeal, and therefore was within the jurisdiction of the trial court even after the appeal had been taken. Atkinson v. Atkinson, 2 Ariz.App. 1, 405 P.2d 919.

Missouri also has held that the taking of an appeal in a divorce action does not divest the trial court of jurisdiction to adjudicate the matter of alimony and suit money pending appeal. Price v. Price (Mo.App.), 311 S.W.2d 341.

 We believe that the rule permitting application to the trial court for temporary alimony and support money and expense money pending appeal is a practical one. Such rule permits the trial court to assume what otherwise would be the exclusive burden of the appellate court, which burden this court would not be in a position to properly assume before a hearing of the appeal has been had. Therefore, while the trial court and this court have concurrent jurisdiction to hear such motion, as we held in *Bryant* and in *Zundel,* supra, we believe that the trial court is in a far better position

to pass on such motion than is this court. The trial court has seen and heard the parties, is informed of their financial status, and has a basis for making a decision on such motion, whereas this court does not even have the record before it prior to the appeal. If we attempt to pass on the application for temporary alimony, attorney fees, and costs on appeal, we are required to base our determination largely on surmise, conjecture, and statements which may or may not be based on evidence in the record. In this case, all that is before this court are affidavits of the parties and of one of the attorneys without benefit of cross-examination. The trial court has the advantage of taking testimony and examining into the necessary facts upon which to make an advised decision. While this court does have concurrent jurisdiction to hear the plaintiff's motion, we believe that the trial court is in a better position to hear such motion and to make a fair decision on the same. The application for temporary alimony and support money, and attorney fees and costs pending appeal, should, in this case, be first presented to the trial court.

For reasons stated herein, the motion is dismissed with leave to make such motion in the district court.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.