**Viola M. KELLER, Plaintiff and Respondent,**

**v.**

**Pius J. KELLER, Defendant and Appellant.**

**Civ. No. 8482.**

Supreme Court of North Dakota.

Dec. 13, 1968.

Pius J. Keller, pro se.

Wolf, Glaser & Milhollan, Bismarck, for respondent and movant.

PAULSON, Judge.

This matter comes before us on a motion to dismiss an appeal from a judgment of the district court of Burleigh County, North Dakota. The plaintiff, Viola M. Keller, instituted a suit for separate maintenance in December 1967. The defendant, Pius J. Keller, appealed from an accompanying temporary order. This order was affirmed by this court on April 25, 1968, and a petition for rehearing was denied on May 28, 1968. Keller v. Keller, 158 N.W.2d 694 (N.D.1968). While this appeal was pending, the trial was held on the merits and Viola Keller secured a judgment of separate maintenance on April 17, 1968. Thereafter, Pius Keller appealed from the judgment by serving and filing the usual notice of appeal and cost bond with the clerk of the district court of Burleigh County. Pius also petitioned the district court for a stay of judgment pending the appeal of the decision on the merits, and such petition was denied. Pius then secured an order to show cause from this court pursuant to Section 28–27–22 of the North Dakota Century Code. This order was dated April 25, 1968. It provided for a stay of judgment, and further provided that, because of the supersedeas bond heretofore filed in the action, all proceedings under the judgment be stayed until the further order of this court except the temporary order which constituted the basis of the first appeal. After the notice of appeal and the undertaking were served and filed in the district court and the temporary stay order was issued by this court and served upon Viola, no further steps were taken to perfect the appeal, such as securing a transcript and a settled statement of the case, and causing the record to be certified to this court. Since Pius did not pursue the appeal on a timely basis,

Viola prepared, filed, and served a motion to dismiss the appeal, and she appeared by and through her attorney. Also accompanying the motion was an affidavit of Gerard L. D'Amour, an official court reporter for the Fourth Judicial District, wherein he stated that a transcript of the proceedings had been ordered by Pius, then withdrawn, then re-ordered, and finally canceled. Pius appeared as attorney pro se at the hearing on the motion to dismiss the appeal, since he previously had discharged his attorney, and he stated before this court that he was representing himself and did not wish to retain additional counsel.

Viola contends that, pursuant to the chapter governing appeals, she is entitled to a dismissal of the appeal. There is ample authority for the proposition that a dismissal may be granted for the failure to prosecute an appeal, and particularly for the failure to transmit the record of the proceedings and briefs within the requisite allotted time. §§ 28–27–04, 28–27–06, and 28–27–08, N.D.C.C.; Rules 7, 13, and 21, Rules of Practice, North Dakota Supreme Court; Austinson v. Kilpatrick, 82 N.W.2d 388 (N.D.1967), and cases cited therein. In the instant case the notice of appeal and bond were served and filed in the district court on April 22, 1968. The motion to dismiss and supporting affidavits were served and filed on October 29, 1968. Thus, it is obvious that more than six months have elapsed since the appeal was filed, and no further action has been taken to perfect the appeal.

■ However, we need not decide this appeal on the basis of the cited authorities alone. Pius conceded and agreed at the time of the argument of the motion before this court that he was fully cognizant and aware of the status of the appeal and he stated to this court that he did not wish to contest the motion to dismiss. In addition thereto, his answers to questions posed by this court have convinced us that Pius completely understood the nature of the proceedings and the consequences thereof.

Where an aggrieved party has failed to comply with the statutory requirements governing appellate procedure, and has in fact abandoned the appeal, and has stated in this court that he does not desire to pursue the appeal further, this court may, on the basis of the record, grant the motion to dismiss the appeal.

█ Having decided that Viola is entitled to a dismissal of the appeal in this court, the next issue that confronts us is the status of the temporary order staying the judgment granted by the Supreme Court on April 25, 1968. Since the appeal has been ordered dismissed, whether the temporary order should be made permanent is now moot and the temporary order accordingly is dissolved.

Viola also included in her motion before this court a request for an order forfeiting the supersedeas bond in payment of damages, costs, and deficiencies in payments due and payable under the judgment of the district court in the case at bar, as well as costs, disbursements, and attorney fees in this proceeding. The affidavit in support of her motion also includes the following:

### LIST OF PROPERTY REMOVED FROM 21ST STREET HOUSE

| Property | Approximate value |
| --- | --- |
| Set of china | $ 45.00 |
| 4 bar stools | 60.00 |
| Hanging lamp | 17.00 |
| 1 white davenport | 400.00 |
| 2 chairs, end table, and lamp | 70.00 |
| Vacuum cleaner | 100.00 |
| Hallway pictures | 20.00 |
| Oak mirror and table attached to wall | 50.00 |
| Total: | $ 762.00 |

 When an appeal has been dismissed by the Supreme Court of this State, the judgment of the district court becomes final. Accordingly, we remand the case to the trial court for it to determine whether the supersedeas bond should be forfeited, and, if so, to what extent, the district court being the court of original jurisdiction and this court being an appellate court. §§ 103 and 86, N.D.Const. In Bryant v. Bryant, 102 N.W.2d 800 (N.D.1960), this court held that the trial court and the Supreme Court have concurrent original jurisdiction to award moneys necessary to prosecute and defend an appeal. This decision was affirmed in Zundel v. Zundel, 146 N.W.2d 903 (N.D.1966). In 1967, this court, in Orwick v. Orwick, 152 N.W.2d 95, again affirmed the holding in *Bryant* and *Zundel,* and further clarified its position when it stated:

"* * * Although the trial court and this court have concurrent jurisdiction to hear an application for temporary alimony or moneys needed by the wife to enable her to litigate the questions raised by the husband on such appeal, the trial court has seen and heard the parties and their witnesses, is informed as to their financial status, and is in a better position to pass on such application. For these reasons, such application should first be made to the trial court unless there are compelling reasons why this cannot be done." [152 N.W.2d at 96, ¶ 3 of syllabus.]

█ Similar reasons apply in the case at bar. Accordingly, on remand of the case to the district court, that court may determine the issues of attorney fees and costs.

For reasons stated in this opinion the appeal is dismissed and the case is remanded to the trial court for determination consistent with this opinion.

TEIGEN, C. J., and KNUDSON, ERICKSTAD and STRUTZ, JJ., concur.