Filed 8/31/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 169

Investors Title Insurance Company, Plaintiff

v.

David F. Herzig, Southeastern Shelter Corporation,

and Sheldon Smith, Personal Representative of the Estate of 

Alphild Herzig, substituted for Alphild Herzig, Deceased, Defendants

On Appeal

Southeastern Shelter Corporation, Plaintiff and Appellant

v.

David F. Herzig; and Sheldon Smith, in his capacity

as Personal Representative of the Estate of Alphild Herzig,

substituted for Alphild Herzig, Deceased, Defendants and Appellees

No. 20090213

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Robert S. Rau, P.O. Box 939, Minot, N.D. 58702-0939, for plaintiff and appellant.

Arnold V. Fleck (argued), P.O. Box 6178, Bismarck, N.D. 58506-6178, for defendant and appellee Sheldon Smith.

Daniel Harry Oster (appeared), P.O. Box 1015, Bismarck, N.D. 58502-1015, for defendant and appellee David F. Herzig.

Investors Title Insurance Co. v. Herzig

No. 20090213

VandeWalle, Chief Justice.

[¶1] Southeastern Shelter Corporation (“Southeastern”) appealed from the district court order denying its “Motion to Attach Res and Property in Trust for Benefit of Judgment Creditor,” granting the application of the personal representative of Alphild Herzig’s estate to cancel a lis pendens filed by Southeastern, and refusing to consider Southeastern’s motions for an order to prohibit the sale and transfer of property and to compel the production of documents by subpoena, as properly considered by the probate court in the Alphild Herzig estate probate proceedings.  We affirm.

I

[¶2] The relevant facts and extensive procedural background are set forth in our decision in a prior appeal of this case, 
Investors Title Ins. Co. v. Herzig
, 2010 ND 138, ¶¶ 3-21 (“
Herzig I
”), and we will not repeat them here except as necessary to assist in resolving the issues raised in the present appeal.  In 1998, Southeastern commenced these proceedings under the Uniform Enforcement of Foreign Judgments Act, N.D.C.C. ch. 28-20.1, to enforce its 1989 North Carolina judgment for $149,598.13 against David Herzig in North Dakota.  This appeal involves further post-judgment proceedings before the district court in the 1998 case, which occurred while the prior appeal and cross-appeal in 
Herzig I
 were pending.

[¶3] On January 28, 2009, Southeastern filed a “Motion to Attach Res and Property in Trust for Benefit of Judgment Creditor” in the district court.  Before her death on June 5, 2008, Alphild Herzig had executed a trust agreement, which stated:  “This Agreement is made this 5 day of June, 2008 between A[l]phild E. Herzig, hereinafter the Trustor and Alphild E. Herzig, hereinafter the Trustee and shall be known as the 
Alphild E. Herzig Trust, dated September 2007, as amended June 5, 2008
.”  (Emphasis in original.)  Among other things, this trust agreement named Sheldon A. Smith as a successor trustee upon Alphild Herzig’s death, identified certain property transferred to the trustee, named David Herzig as a beneficiary, and contained a spendthrift provision.  On or about April 30, 2009, Southeastern recorded a lis pendens against certain real property.  On May 29, 2009, defendant David Herzig and Sheldon Smith, as the personal representative of Alphild Herzig’s estate (“personal representative”), filed separate responses and affidavits opposing Southeastern’s motion to attach res and property in trust.  Southeastern filed a supplemental brief in support of its motion to attach trust res and a reply brief to the response.

[¶4] Southeastern filed a motion for an order prohibiting sale and transfer of property and a motion to compel documents by subpoena.  David Herzig and the personal representative filed separate responses opposing Southeastern’s motion to prohibit the sale or transfer of property, and Southeastern filed a reply.  The personal representative also filed an “Application, Notice and Brief for Cancellation of Lis Pendens,” seeking to cancel the lis pendens recorded by Southeastern, in addition to filing a response opposing Southeastern’s motion to compel documents by subpoena.

[¶5] On June 8 and 11, 2009, the district court held a hearing on the various motions.  In a June 17, 2009, order, the court denied Southeastern’s motions to attach res and property in trust, to prohibit the sale and transfer of property, and to compel documents by subpoena.  Additionally, the court granted the personal representative’s application to cancel the lis pendens. 

II

[¶6] As an initial issue on appeal, David Herzig and the personal representative assert that, depending on the outcome of the prior pending appeal in this case, this Court may be without jurisdiction to review the district court’s order in this appeal because it is not a final order and is, therefore, interlocutory and nonappealable under N.D.R.Civ.P. 54(b).  This Court has since issued an opinion in the prior appeal resolving the dispositive issues, and we further have discussed the appealability of post-judgment orders.  
See
 
Herzig I
, 2010 ND 138, ¶¶ 25-33 (observing that orders regarding a final judgment’s enforcement, execution, or interpretation should be final after complete disposition of all present related issues, and stating that “[o]rders denying discovery in aid of execution also are appealable”).  Based on our disposition in 
Herzig I
, we conclude the present appeal is properly before us, and we therefore consider the merits of the issues raised for review.

III

[¶7] Southeastern argues the district court erred in denying its motion to attach trust property.  Southeastern asserts a multitude of arguments, contending that the assets of the revocable trust may be used to satisfy a judgment creditor’s claim against the beneficiary when the statute permits attachment of both present and future interests; that the trust’s spendthrift provision does not protect the trust’s property from being attached to satisfy Southeastern’s judgment against the trust beneficiary David Herzig; that the language of the spendthrift provision is inapplicable to Southeastern’s judgment; that David Herzig is controlling and enjoying the benefits of the trust, should be considered a settlor of the trust, and has been granted various powers under the trust; and that application of the spendthrift provision is against public policy.

[¶8] The personal representative and David Herzig argue that the district court did not err in denying Southeastern’s motion to attach trust property because, in addition to their contention the court did not have jurisdiction to hear the motion, the trust’s spendthrift provision protects the trust property from being attached to satisfy Southeastern’s judgment against David Herzig, and the spendthrift provision language is sufficient to invoke the protections of the spendthrift trust.  The personal representative and David Herzig also assert that David Herzig is neither controlling nor enjoying the benefits of the trust, David Herzig is not the settlor of the trust, nor has he been granted or possessed any powers of the trust, powers of appointment or powers of withdrawal under the trust.

A

[¶9] In construing a trust agreement, our primary objective is to ascertain the settlor’s intent.  
Langer v. Pender
, 2009 ND 51, ¶ 13, 764 N.W.2d 159; 
Alerus Fin., N.A. v. Western State Bank
, 2008 ND 104, ¶ 21, 750 N.W.2d 412.  “‘When a trust instrument is unambiguous, the settlor’s intent is ascertained from the language of the trust document itself.’” 
Langer
, at ¶ 13 (quoting 
Hecker v. Stark County Soc. Serv. Bd.
, 527 N.W.2d 226, 230 (N.D. 1994)).  Whether a trust agreement is ambiguous raises a question of law and is fully reviewable on appeal.  
Langer
, at ¶ 13.  We have outlined our rules for construing a trust agreement:

General rules of construction of written documents apply to the construction of trust instruments.  
See
 
Alerus
, 2008 ND 104, ¶¶ 18-19, 750 N.W.2d 412.  In North Dakota, the interpretation of a contract is governed by N.D.C.C. ch. 9-07.  Under N.D.C.C. § 9-07-02, the contract language governs its interpretation “if the language is clear and explicit and does not involve an absurdity.”  Contracts are construed to give effect to the parties’ mutual intention at the time of contracting “so far as the same is ascertainable and lawful.”  N.D.C.C. § 9-07-03.  The rules provided in N.D.C.C. ch. 9-07 are applied “[f]or the purpose of ascertaining the intention of the parties to a contract, if otherwise doubtful . . . .”  N.D.C.C. § 9-07-03.  “When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible, subject, however, to the other provisions of [N.D.C.C. ch. 9-07].”  N.D.C.C. § 9-07-04.  “The whole of a contract is to be taken together so as to give effect to every part if reasonably practicable.  Each clause is to help interpret the others.” N.D.C.C. § 9-07-06.

Langer
, at ¶ 14.

[¶10] In this case, Article XVIII of the trust agreement executed by Alphild Herzig on June 5, 2008, contains the trust’s spendthrift clause:

Spendthrift Provision.  Except as otherwise provided herein, all payments of principal and income payable or to become payable to the beneficiary of this Trust created hereunder shall not be subject to anticipation, assignment, pledge, sale or transfer in any manner, nor shall any beneficiary have the power to anticipate or encumber such interest, no[r] shall such interest, while in the possession of the fiduciary hereunder, be liable for, or subject to, 
the debts, contract, obligations, liabilities or torts of any beneficiary
.

(Emphasis added.)  The North Dakota Uniform Trust Code recognizes and enforces valid spendthrift clauses.  
See
 N.D.C.C. §§ 59-09-01, 59-13-02.

[¶11] Section 59-13-01, N.D.C.C., provides the rights of a trust beneficiary’s creditor or assignee, stating “[t]o the extent a beneficiary’s interest is not subject to a spendthrift provision, the court may authorize a creditor or assignee of the beneficiary to reach the beneficiary’s interest by attachment of present or future distributions to or for the benefit of the beneficiary or other means.  The court may limit the award to such relief as is appropriate under the circumstances.”  To determine what is a valid spendthrift provision, N.D.C.C. § 59-13-02 requires the following:

1. A spendthrift provision is valid if it restrains either the voluntary or involuntary transfer or both the voluntary and involuntary transfer of a beneficiary’s interest.

2. A term of a trust providing that the interest of a beneficiary is held subject to a “spendthrift trust”, or words of similar import, is sufficient to restrain both voluntary and involuntary transfer of the beneficiary’s interest.

3. A beneficiary may not transfer an interest in a trust in violation of a valid spendthrift provision and, except as otherwise provided in this chapter, a creditor or assignee of the beneficiary may not reach the interest or a distribution by the trustee before its receipt by the beneficiary.

Section 59-13-03, N.D.C.C., however, provides specific exceptions to a spendthrift provision:

2. A spendthrift provision is unenforceable against:

a. A beneficiary’s child, spouse, or former spouse who has a judgment or court order against the beneficiary for support or maintenance;

b. A judgment creditor who has provided services for the protection of a beneficiary’s interest in the trust; and

c. A claim of this state or the United States to the extent a statute of this state or federal law so provides.

. . . .

4. A claimant against which a spendthrift provision cannot be enforced may obtain from a court an order attaching present or future distributions to or for the benefit of the beneficiary.  The court may limit the award to such relief as is appropriate under the circumstances.  If there is more than one permissible distributee, the court may grant such relief as is equitable.

[¶12] Sections 59-13-02 and 59-13-03, N.D.C.C., were derived from the Uniform Trust Code §§ 502 and 503.  
See
 Unif. Trust Code §§ 502, 503 (amended 2005), 7C U.L.A. 523-529 (2006).  The comments to the Uniform Trust Code §§ 502 and 503 are instructive as to the intent of the sections.  The comment to § 502 states in part:

Under this section, a settlor has the power to restrain the transfer of a beneficiary’s interest, regardless of whether the beneficiary has an interest in income, in principal, or in both.  Unless one of the exceptions under this article applies, a creditor of the beneficiary is prohibited from attaching a protected interest and may only attempt to collect directly from the beneficiary after payment is made.  

. . . .

Subsection (b) [
see
 N.D.C.C. § 59-13-02(2)] . . . allows a settlor to provide maximum spendthrift protection simply by stating in the instrument that all interests are held subject to a “spendthrift trust” or words of similar effect.

Unif. Trust Code § 502 cmt., 7C U.L.A. 523 (2006).  Additionally, the comment to § 503 discusses the types of creditors exempted from a spendthrift clause:

This section exempts the claims of certain categories of creditors from the effects of a spendthrift restriction and specifies the remedies such exemption creditors may take to satisfy their claims.

. . . .

[T]his Code does not create an exception to the spendthrift restriction for creditors who have furnished necessary services or supplies to the beneficiary.  Most of these cases involve claims by governmental entities, which the drafters concluded are better handled by the enactment of special legislation as authorized by subsection (b)(3) [
see
 N.D.C.C. § 59-13-03(2)(c)].  The drafters also declined to create an exception for tort claimants. . . .

Subsection (c) [
see
 N.D.C.C. § 59-13-03(4)] provides that the only remedy available to an exception creditor is attachment of present or future distributions of present or future distributions.

Unif. Trust Code § 503 cmt. (amended 2005), 7C U.L.A. 525-26 (2006).  Thus, N.D.C.C. §§ 59-13-02 and 59-13-03 provide for the validity of spendthrift provisions and the statutory exceptions for claimants against whom a spendthrift provision is unenforceable. 

[¶13] Here, Southeastern’s judgment against David Herzig does not fall into the stated exceptions provided under N.D.C.C. ch. 59-13, rendering the trust property not subject to attachment by Southeastern.  Also unavailing is Southeastern’s argument that the spendthrift provision’s language is insufficient to subject Southeastern’s judgment against David Herzig to the spendthrift provision.  The trust’s spendthrift provision here states that the beneficiary’s interest in the trust shall not, “while in the possession of the fiduciary hereunder, be liable for, or subject to, 
the debts, contract, obligations, liabilities or torts of any beneficiary
.”  (Emphasis added.)

[¶14] Southeastern argues that the failure to specifically include the word “judgment” as part of the phrase “debts, contract, obligations, liabilities or torts of any beneficiary,” renders the provision unenforceable against Southeastern’s judgment against David Herzig.  We note that the definition of the word “debt” includes “[l]iability on a claim; a specific sum of money due by agreement or otherwise.”  
Black’s Law Dictionary
 432 (8th ed. 2004).  We further note that the word “judgment debt” is defined as “[a] debt that is evidenced by a legal judgment or brought about by a successful lawsuit against the debtor.”  
Id.
 at 433.  We reject Southeastern’s argument that the spendthrift clause does not apply to a claim against a beneficiary simply because it has been reduced to judgment, concluding that the term “debt” and phrase “debts, contract, obligations, liabilities or torts” is broad enough to include a debt imposed by a judgment.

B

[¶15] Southeastern also argues on appeal that David Herzig has control over the trust property sufficient to disregard the trust’s spendthrift provision.  The district court in its order rejected Southeastern’s assertions, stating:

Southeastern also argued that the spendthrift provision of the Trust is against public policy, because David is enjoying the benefits of the trust and its res.  The evidentiary support for this position was, in part, a newspaper article and checks signed by David prior to Alphild’s death.  
See
, attachments to “[]
Reply to Response on Motion to Attach Res, etc.
”  There has been no evidence submitted that David has been enjoying the benefits of the Trust since the date the Trust was established.  David stated he has “no control of the trust property which consists solely of a partnership interest and shares in a corporation, both of which are completely owned and controlled by Sheldon Smith, as the Trustee of the trust. . . . The Court has not been persuaded that the spendthrift provision is void as against public policy.

[¶16] The personal representative and David Herzig argue that the trust does not own any real property or any vehicles or farm equipment, as the assets of the trust consist solely of a partnership interest and corporate stocks, which Smith controls in his capacity as the trustee.  They further assert that under Article IX of the trust agreement, the trustee has complete control over all of the assets of the trust, including the right to sell, lease, mortgage or otherwise encumber any of the assets of the trust.  Although David Herzig appears to have been provided some limited rights under Article VI if the trust estate includes any real property, vehicles or farm equipment, they assert that Herzig does not have complete control of such assets as alleged by Southeastern.

[¶17] Based upon our review of the record, including the evidence offered by Sheldon Smith and David Herzig through their affidavits, the evidence supports the district court’s findings of fact regarding Southeastern’s allegations.  We therefore conclude the court did not err in finding a valid spendthrift trust provision and in denying Southeastern’s motion to attach res and property.

IV

[¶18] Southeastern argues the district court erred by not appointing a receiver as required and directed by statute.  The personal representative and David Herzig contend the court did not err in not appointing a receiver.

[¶19] Under N.D.C.C. ch. 28-25, governing “Proceedings Supplementary to the Execution,” the district court is authorized to appoint a receiver of the judgment debtor’s property.  Section 28-25-12, N.D.C.C., provides that “[t]he judge by order also may appoint a receiver of the property of the judgment debtor in the same manner and with like authority as if the appointment were made by the court according to [N.D.C.C. §] 32-10-01.”  
See also
 
Bjorgen v. Kinsey
, 491 N.W.2d 389, 392 (N.D. 1992).  The district court’s decision to appoint a receiver rests in its sound discretion.  
Bjorgen
, 491 N.W.2d at 392.  We review the court’s exercise of that discretion under the abuse of discretion standard.  
Id.
  A district court abuses its discretion when it acts in an arbitrary, capricious, or unreasonable manner.  
Id.
 at 393.

[¶20] In its June 17, 2009, order, the district court stated that Southeastern had contended in its supplemental brief that the court had “power under N.D.C.C. § 28-

25-14 to prohibit the transfer or disposition of the property in the Trust until a separate lawsuit would adjudicate ownership.”  Section 28-25-14, N.D.C.C., provides:

If it appears that a person, corporation, or limited liability company alleged to have property of the judgment debtor, or to be indebted to the judgment debtor, claims an interest in the property adverse to the judgment debtor or denies the debt, 
such interest or debt is recoverable only in an action against such person, corporation, or limited liability company by the receiver
, but the judge by order may forbid a transfer or other disposition of such property or interest until a sufficient opportunity is given 
to the receiver
 to commence the action and prosecute the same to judgment and execution.  Such order may be modified or dissolved by the judge granting the same at any time on such security as the judge shall direct.

(Emphasis added.)  In concluding N.D.C.C. § 28-25-14 was inapplicable, the court observed that this section refers to the recovery of an interest or debt by a “receiver.”  The court then stated that “[n]o receiver has been appointed in this case, and no request for the appointment of a receiver has been submitted to the Court.”  Simply stated, the court concluded there was no pending request to appoint a receiver.

[¶21] On appeal, Southeastern contends the district court “misread the application  of Southeastern [for a receiver].”  In support of this contention, Southeastern points to the following sentence submitted in its reply brief to the district court, stating:  “If there is a question on ownership a receiver should be appointed to address this topic while the property is held by the court under an order effectuating the interest of the creditor at this time in the res, until finality is had on the issue.”  Southeastern also suggests that N.D.C.C. §§ 28-25-12 and 28-25-14 “direct[] the court to appoint the receiver whenever anyone questions who holds and possesses title.”  

[¶22] The personal representative and David Herzig contend the district court properly concluded that no request for the appointment of a receiver had been submitted.  The personal representative and David Herzig assert Southeastern did not apply for appointment of a receiver, raising the issue for the first time in its June 4, 2009, reply to the response on its motion to attach res and property.  They further contend Southeastern only requested the appointment of a receiver “if there is a question of ownership,” provided nothing on whom Southeastern sought to appoint as receiver, and offered no sureties to secure payment of any damages the defendants may sustain by the appointment.  
See
 N.D.C.C. §§ 28-25-12, 32-10-02, and 32-10-04.

[¶23] Southeastern’s “request” for a receiver was not presented as a separate motion to the district court with appropriate notice, but rather appears to be a conditional suggestion in the reply brief submitted four days before the June 8, 2009, hearing on Southeastern’s motions.  The personal representative and David Herzig assert the evidence supports only one finding regarding the ownership of the real property in question, which is owned by the partnership in which the Trust holds a partnership interest.  They contend that since David Herzig currently does not own any interest in the property, there were no grounds to appoint a receiver under N.D.C.C. ch. 28-

25. 

[¶24] Based on our review and our conclusion that the trust was not subject to Southeastern’s judgment, we cannot conclude the district court abused its discretion by not appointing a receiver.

V

[¶25] Southeastern argues that the district court erred in cancelling the lis pendens, when it lacked jurisdiction to do so and when the facts supported Southeastern’s entitlement to a lis pendens.  The personal representative and David Herzig argue that the court did not err in cancelling the lis pendens because the court had jurisdiction to cancel the lis pendens, and the recording of the lis pendens was not legally proper.

[¶26] We have said that “the purpose of a notice of lis pendens is to ‘let the world know that there is an action pending, and everybody interested can go to the clerk’s office, and there learn the particulars from the complaint.’”  
Bragg v. Burlington Res. Oil & Gas Co.
, 2009 ND 33, ¶ 9, 763 N.W.2d 481 (quoting 
Plott v. Kittelson
, 58 N.D. 881, 890, 228 N.W. 217, 220 (1929)).  “A ‘lis pendens is notice of all facts apparent on the face of the pleadings, and of those facts of which the facts so stated necessarily put the purchaser on the inquiry.’”  
Bragg
, at ¶ 9 (quoting 
Plott
, 58 N.D. at 890, 228 N.W. at 220).  A lis pendens filing “binds a purchaser of property described in the lis pendens to all that in like manner affects his granter.”  
Bragg
, at ¶ 9 (quotation omitted).  Section 28-05-07, N.D.C.C., governing the filing of a notice of lis pendens, states: 

In a civil action in a district court affecting the title to real property, the plaintiff, at the time of filing the complaint or at any time afterwards, . . . may file for record with the recorder of each county in which the real property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property affected.

Regarding cancellation of a lis pendens, N.D.C.C. § 28-05-08 states, in part:

The court in which the action was commenced, at any time, on application of any person aggrieved and on good cause shown and on such notice as directed or approved by the court, may order the notice authorized by section 28-05-07 to be canceled of record in whole or in part by the recorder of any county in whose office the same may have been filed for record, and such cancellation must be made by an endorsement to that effect on the margin of the record which shall refer to the order. . . . Such notice is also canceled by the entry of a final judgment in the action if no appeal has been taken from such judgment within the time provided by law.

[¶27] Here, Southeastern filed a notice of lis pendens with the Ward County recorder on or about April 30, 2009, under a caption for this 1998 case, including the following language: 

Southeastern . . . has and claims a lien and Lis Pendens, on real estate [described therein] . . . Owned by Alphild Herzig, David Herzig, Alphild Herzig Trust dated 9-5-07 as amended 6-5-08, and/or Dakota Land and Cattle Company . . . on account of a Judgment herein and Contempt Order of contempt sanctions per day, and which sums have not been paid and said lien and Lis Pendens is as to Alphild Herzig, David Herzig, Alphild Herzig Trust dated 9-5-07 as amended 6-5-08, and/or Dakota Land and Cattle Company . . . Said Judgment and Contempt Order are included herein and by reference, and are of record in the above described civil proceeding.

[¶28] The district court found this lis pendens was recorded “against real property owned by the Dakota Land and Cattle Company, a partnership, in which Sheldon Smith is a general partner.”  The court further noted “the Trust holds an interest in the partnership.”  The court noted the personal representative filed an “Application, Notice and Brief for Cancellation of Lis Pendens” with his response to Southeastern’s “Motion for Order Prohibiting Sale or Transfer of Property,” that Southeastern filed a response, and oral arguments were heard on the application on June 11, 2009.

[¶29] In its order, the district court stated the personal representative argued for cancellation of the lis pendens on grounds that David Herzig did not own the real property against which the lis pendens was filed, that an order had not been issued under N.D.C.C. § 28-25-14 forbidding Dakota Land and Cattle Company from transferring or disposing of the property, and damages were being incurred as a result of the lis pendens.  The court also said, “Southeastern contended that efforts are being undertaken to sell the property in the Trust and its purpose in recording of the lis pendens was to protect its interest in the property.”  The court found that the personal representative had shown good cause that the lis pendens had or may cause damage to the trustee’s ability to manage and maintain the trust, and it was therefore appropriate to cancel the lis pendens.

[¶30] On appeal, Southeastern argues that the application to cancel lis pendens was not properly before the district court because there was no notice or motion to cancel the lis pendens and that the previous appeal in this case, which had been filed and pending prior to the application to cancel the lis pendens, divested the court of jurisdiction to resolve the application.  The personal representative and David Herzig contend both arguments are without merit.  We agree.

[¶31] Regarding Southeastern’s contention that there was no notice or motion to cancel the lis pendens, the personal representative asserts that an “Application, Notice and Brief for Cancellation of Lis Pendens” was filed as a part of the response and opposition to Southeastern’s motion to prohibit the sale or transfer of property on June 4, 2009.  The personal representative asserts that the motion was captioned as an “application” to conform to the terminology of N.D.C.C. § 28-05-08, which permits an application at any time “of any person aggrieved and on good cause shown and on such notice as directed or approved by the court.”  The personal representative asserts that at the June 8, 2009, hearing on Southeastern’s motions, the court gave oral notice of the June 11, 2009, hearing and directed Southeastern to serve and file any brief and supporting papers answering the application no later than June 10, 2009.  Although Southeastern contends that there was no notice or motion, we note that Southeastern in response to the application filed a 15-page lis pendens brief on June 10, 2009.  Southeastern does not assert on appeal that it had insufficient time to respond to the application or was prejudiced by the court’s briefing schedule.  We conclude that the “Application, Notice and Brief for Cancellation of Lis Pendens” sufficiently conformed to the requirements of N.D.C.C. § 28-05-08.

[¶32] Southeastern also argues the district court did not have jurisdiction to cancel the lis pendens because of the pending appeal at the time of the application.  In 
Herzig I
, 2010 ND 138, ¶ 29, we recognized that a judgment creditor may engage in multiple separate proceedings in collecting a judgment and that for purposes of finality an order must resolve all issues in a separate post-judgment proceeding.  We have also said that, generally, when a notice of appeal is filed, the district court loses jurisdiction.  
See
 
Siewert v. Siewert
, 2008 ND 221, ¶ 30, 758 N.W.2d 691.  However, we have “recognized there are some exceptions to that rule, including the retention of jurisdiction to enforce a judgment, to award attorney fees and expenses for prosecuting an appeal in a divorce case, or to award temporary alimony and support money.”  
Siewert
, at ¶ 30 (district court retained jurisdiction to modify child support while appeal was pending on unrelated issues); 
see also
 
Peters-Riemers v. Riemers
, 2003 ND 96, ¶ 16, 663 N.W.2d 657 (district court retains jurisdiction to enforce judgment); 
United Accounts, Inc. v. Teladvantage, Inc.
, 499 N.W.2d 115, 119 (N.D. 1993) (district court did not lose jurisdiction upon filing of patently frivolous notice of appeal); 
Orwick v. Orwick
, 152 N.W.2d 95, 97 (N.D. 1967) (district court may award temporary alimony and support money while appeal is pending); 
Bryant v. Bryant
, 102 N.W.2d 800, 808-09 (N.D. 1960) (district court has concurrent jurisdiction to award attorney fees while appeal is pending).

[¶33] In 
Siewert
, 2008 ND 221, ¶¶ 31-32, 758 N.W.2d 691, we held that the district court retained jurisdiction to modify child support while an appeal was pending on unrelated issues, and in considering the language of N.D.C.C. § 14-05-23, stated:

The plain language of [N.D.C.C.§ 14-05-23] does not limit a district court’s jurisdiction only to awarding attorney fees or temporary support, and therefore any of the issues delineated in the statute generally may be decided by the district court 
at any time
 while a separation or divorce action is pending, including while an appeal is pending.  The statute provides that a court may order a party to pay support for the parties’ minor children “
during any time
 in which an action for separation or divorce is pending.”  We conclude under the facts of this case, the district court had jurisdiction under N.D.C.C. § 14-05-23 to modify child support while the appeal on unrelated issues was pending.

(Emphasis added.)  Likewise, regarding the cancellation of lis pendens, N.D.C.C. § 28-05-08 states: “The court in which the action was commenced, 
at any time
, on application of any person aggrieved . . . may order the notice . . . canceled of record.”  (Emphasis added.)  As in 
Siewert
, we believe the phrase “at any time” demonstrates a legislative intent that courts are not divested of jurisdiction to cancel a lis pendens, particularly in the facts and circumstances of this case, where the lis pendens was filed post-judgment and during proceedings supplementary to the execution of the judgment.  We also observe that N.D.C.C. § 28-05-08 states: “Such notice is also canceled by the entry of a final judgment in the action if no appeal has been taken from such judgment within the time provided by law.”  The proceedings in the 1998 case are decidedly post-judgment in nature, and Southeastern’s recording of the lis pendens was not proper.

[¶34] Generally, the use of the doctrine of lis pendens is restricted to avoid abuse:   Where only collateral issues are involved that ultimately may affect the parties’ interest in property, the doctrine of lis pendens does not apply.  Thus, a notice of lis pendens is improper in an action against a property owner where a constructive trust is sought only to satisfy a judgment against the owner, and the interest in the property is thus no more than collateral.

. . . .

The doctrine of lis pendens may not be predicated on an action or suit seeking merely to recover a money judgment.  An action for money only, even if it relates in some way to specific real property, will not support a lis pendens.  Accordingly, where the primary purpose of a lawsuit is to recover damages and the action does not directly affect title to or right of possession of real property, the filing of a notice of lis pendens is inappropriate.

There is authority, in some states, that lis pendens may be based on an action to recover a money judgment where a valid judgment has been secured and made a lien against the property.  However, there is also authority, in other states, that a cause of action does not affect title to real property where the action seeks to secure a personal judgment for the payment of money, even though such a judgment, if obtained and properly docketed, would be a lien upon the defendant’s land.

54 C.J.S. 
Lis Pendens
 § 11 (2010) (footnotes omitted).  Further, it is “generally improper to use a notice of pendency as a form of attachment, as the purpose of lis pendens is not to obtain the type of prejudgment attachment which can later be used in the eventual collection of a judgment.”  
Id.
 § 14.

[¶35] Here, the evidence before the district court in considering the application to cancel the lis pendens, including the affidavits of David Herzig and Sheldon Smith, supports the court’s conclusion that good cause had been established to support canceling the lis pendens.  The affidavits indicate that David Herzig did not own the specified real property, but rather that the partnership owned the real property.  There is no dispute that Southeastern’s judgment in the 1998 case is only against David Herzig, and no other claims have been made in the 1998 case against any of the  named defendants through an amended complaint served within 60 days of the filing of the lis pendens on April 30, 2009.  
See
 N.D.C.C. §§ 28-05-07 (stating, “but such notice is of no avail unless it is followed by the first publication of the summons, or by the personal service thereof on a defendant, within sixty days after such filing”).

[¶36] Further, Smith’s affidavit stated neither the Alphild Herzig estate nor the Alphild Herzig trust owns the real property.  Although Southeastern contends there is a question as to the title to the property, there is no evidence that David Herzig as a judgment debtor holds an interest in the property.  At best, it appears that David Herzig is a beneficiary of a spendthrift trust created by his mother Alphild Herzig which holds an interest in the partnership, and the partnership owns the real property.  This is insufficient to support the filing of a post-judgment lis pendens on the real property.  We conclude the district court did not err in granting the application for cancellation of the lis pendens.

VI

[¶37] Southeastern argues that its requested discovery by subpoena should have been allowed by the district court, and the court erred by not ordering the discovery when it would have satisfied the court’s concerns and deficiencies regarding Southeastern’s claims to attach the trust res.  Southeastern asserts that it sought the production of documents from the trustee of the Alphild E. Herzig Trust and that, although the personal representative objected, no objection was made by the trustee.  The personal representative and David Herzig contend on appeal the court properly denied Southeastern’s motion to compel, and assert the court’s denial of the motion is supported on additional grounds to that stated by the court.

[¶38] “A district court has broad discretion regarding the scope of discovery, and its discovery decisions will not be reversed on appeal absent an abuse of discretion.”  
Martin v. Trinity Hosp.
, 2008 ND 176, ¶ 17, 755 N.W.2d 900 (citing 
Bertsch v. Bertsch
, 2007 ND 168, ¶ 10, 740 N.W.2d 388).  We review the district court’s denial of an order to compel discovery and for subpoenas duces tecum for an abuse of discretion.  
See
 
State v. Jensen
, 333 N.W.2d 686, 692 (N.D. 1983); 
see also
 
Martin
, at ¶ 17 (reviewing decision to quash subpoena for abuse of discretion); 
Nesvig v. Nesvig
, 2006 ND 66, ¶ 12, 712 N.W.2d 299 (reviewing decision to quash subpoena for abuse of discretion).  A party asserting the court abused its discretion in denying discovery carries a heavy burden:

“An abuse of discretion by the district court is never assumed, and the burden is on the party seeking relief affirmatively to establish it.  The district court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.  The party seeking relief must show more than the district court made a ‘poor’ decision, but that it positively abused the discretion it has under the rule.  We will not overturn the district court’s decision merely because it is not the decision we may have made if we were deciding the motion.”

Martin
, at ¶ 17 (quoting 
Nesvig
, at ¶ 12 (citations omitted)). 

[¶39] Generally, post-judgment discovery under the second part of N.D.R.Civ.P. 69 allows discovery to proceed according to our Rules of Civil Procedure.  
See
 
Mid-

Dakota Clinic, P.C. v. Kolsrud
, 1999 ND 244, ¶ 11, 603 N.W.2d 475.  Rule 45, N.D.R.Civ.P., governs the issuance of a subpoena.  In the context of a judgment debtor, we have said that “[p]ost-judgment discovery documents are subject to service under N.D.R.Civ.P. 5, not under N.D.R.Civ.P. 4.”  
Kolsrud
, at ¶ 17.  Likewise, post-

judgment discovery served under N.D.R.Civ.P. 45 must also comply with that rule’s procedure and service requirements.  “Under N.D.R.Civ.P. 45(b)(1)(A), a subpoena to a named person must be served by personal service under N.D.R.Civ.P. 4(d).  Furthermore, a court must quash a subpoena if it ‘fails to allow reasonable time for compliance’ or ‘subjects a person to undue burden.’  N.D.R.Civ.P. 45(c)(4).”  
Martin
, 2008 ND 176, ¶ 22, 755 N.W.2d 900.

[¶40] In refusing to grant Southeastern’s motion to compel the discovery by subpoena, the district court concluded the motion should be considered by the probate court in the proceedings relating to Alphild Herzig’s estate.  “‘[W]e will not set aside a correct result merely because the district court’s reasoning is incorrect if the result is the same under the correct law and reasoning.’”  
Sanders v. Gravel Products, Inc.
, 2008 ND 161, ¶ 9, 755 N.W.2d 826 (quoting 
Hanson v. Boeder
, 2007 ND 20, ¶ 21, 727 N.W.2d 280).  We believe the district court here reached the right result, but for the wrong reason.

[¶41] Southeastern pursued post-judgment discovery by issuing a “Subpoena of Sheldon Smith” on May 15, 2009, serving a copy of the subpoena by mail upon the attorneys for David Herzig and Sheldon Smith.  The subpoena seeks from Sheldon Smith a broad variety of documents of Alphild Herzig, the Alphild Herzig estate, and the Alphild Herzig trust, including listing agreements, powers of attorney, sales and purchase documents, bank and tax records, and documents and tax records of David Herzig, Dakota Land and Cattle Company, and Dakota Land and Cattle, LLC.  The subpoena demands production of the requested documents “on or before May 26, 2009.”

[¶42] On May 25, 2009, Sheldon Smith, as the personal representative of the Alphild Herzig estate, objected to the subpoena, “on the grounds, under Rules 26(a) and 34(c), N.D.R.Civ.P., as a party to this action, he is not subject to being compelled to produce documents and things by subpoena.”  In the objection, the personal representative further asserted, “In addition, the Subpoena is ineffective on the grounds it has not been served on Mr. Smith in accordance with the requirements of Rule 45(b)(1)(a), N.D.R.Civ.P., and on the grounds the plaintiff has failed to serve the other parties to this action with the required notice of demand for production in accordance with the requirements of Rule 45(b)(2)(c), N.D.R.Civ.P.”

[¶43] As discussed in 
Herzig I
, 2010 ND 138, ¶¶ 20-21, after Alphild Herzig’s death, the district court entered an order in this case in January 2009, substituting Sheldon Smith, the personal representative of Alphild Herzig’s estate, as a party.  We subsequently affirmed the court’s substitution order on appeal.  
Id.
 at ¶¶ 2 and 79.  On the record, Sheldon Smith has served in various roles in this case including as Alphild Herzig’s attorney, the personal representative of Alphild Herzig’s  estate, and as trustee for the Alphild E. Herzig Trust.  The June 2009 subpoena issued by Southeastern’s attorney, however, is simply captioned, “Subpoena of Sheldon Smith,” and does not specifically indicate whether it is being served upon him personally, as Alphild Herzig’s personal representative, or as trustee of the Alphild Herzig trust.  Yet, the subpoena requests a broad array of documents, which would necessarily include documents of the estate and of the separate trust.

[¶44] Under the district court’s January 2009 substitution order, Sheldon Smith was substituted in the proceedings only as the personal representative of Alphild Herzig’s estate.  To the extent the subpoena was issued to Sheldon Smith as the personal representative, discovery from a party is not properly sought by subpoena under N.D.R.Civ.P. 45, but rather under the scope and procedures of N.D.R.Civ.P. 26 and 34, governing  production of documents from a party.  
See
 N.D.R.Civ.P. 34(c) (“A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.”).  To the extent the subpoena was issued, as Southeastern contends on appeal, to Sheldon Smith as the trustee, Southeastern plainly did not comply with the notice and service requirements of N.D.R.Civ.P. 45(b).

[¶45] We conclude the district court did not abuse its discretion when it refused, albeit for the wrong reason, to grant Southeastern’s motion to compel discovery by subpoena.

VII

[¶46] We have considered the remaining issues and arguments and determine they are either unnecessary to this decision or without merit.  We further decline to award any of the parties’ requested sanctions.  The district court order is affirmed. 

[¶47] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom